## HENNESSY v. WOOLWORTH.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE DISTRICT OF MINNESOTA.

No. 74.   Argued November 13, 14, 1888. — Decided November 26, 1888.

Specific performance is not of absolute right, but rests entirely in judicial
    discretion, to be exercised according to settled principles of equity,
    but always with reference to the facts of the particular case.
A decree for specific performance should never be granted unless the terms
    of the agreement sought to be enforced are clearly proved, nor when it
    is left in doubt whether the party against whom relief is asked in fact
    made such an agreement as is alleged.
The assent of the husband of a married woman to the terms of an agree-
    ment made by an agent for the sale and conveyance of lands of the wife
    situated in Minnesota is not sufficient to bind the wife.
In this case, it not being clearly established that the wife assented to the
    agreement for the sale of her real estate of which a specific performance
    is sought to be enforced, though the assent of the husband is shown, the
    decree is refused.

THE court stated the case as follows:

The appellees, S. B. Woolworth, and Clara Woolworth, his
wife, the plaintiffs below, claiming to have been for more than
ten years prior to the 13th of June, 1883, in the constant,
actual and lawful possession of lots 4 and 9, block 20, Robert
and Randall's addition to St. Paul, Minnesota, and averring
that the appellant, the defendant below, wrongfully asserted
an interest therein adverse to them, brought this suit in one of
the courts of the State, for the purpose of obtaining a decree
adjudging that the defendant has no right, title, estate, lien,
or interest in those lots, and for such other relief as was
proper.   The suit was based upon a statute of Minnesota pro-
viding that " an action may be brought by any person in pos-
session, by himself or his tenant, of real property, against any
person who claims an estate or interest therein, or lien upon
the same, adverse to him, for the purpose of determining such
adverse claim, estate, lien, or interest; and any person having
or claiming title to vacant or unoccupied real estate may bring

an action against any person claiming an estate or interest therein adverse to him, for the purpose of determining such adverse claim, and the rights of the parties respectively." General Statutes of Minnesota 1878, c. 75, § 2, p. 814. The suit was subsequently removed into the Circuit Court of the United States.

The original complaint having been ordered to stand as a complaint in equity in the Circuit Court, the defendant filed an answer controverting all of its material allegations, and, also, by leave filed a cross-bill, seeking a decree for the specific execution of a written agreement, which was put upon record, and is alleged to have been made between him and the plaintiffs on the 23d of December, 1881, for the sale and conveyance by them to him of the lots in question. That agreement is as follows :

"Received at St. Paul, Minn., this 23d day of December, 1881, of David J. Hennessey, of Dubuque, Iowa, the sum of fifty dollars as earnest and in part payment of the price of lots four (4) and nine (9), in block twenty (20), of Robert and Randall's addition to St. Paul, Minn., which, as the authorized agent of Clara Woolworth and S. B. Woolworth, her husband, of the last-named city and State, I have bargained and sold to the said Hennessey for ten thousand dollars to be paid, and which the said Hennessey stipulates to pay, as follows, to wit ; twenty-five hundred dollars, less aforesaid earnest money, on delivery to the said Hennessey of good warranty deed with full covenants, which shall convey to the said Hennessey from the said Woolworths good, clear, and perfect title, except as to the notes and mortgages hereinafter mentioned, to said property and to all improvements and appurtenances thereunto belonging, and after the said Hennessey shall have been furnished by the said Woolworths with a complete, official, and certified abstract of title to the said property, which shall show title in them thereto as aforesaid, and nineteen hundred dollars on or before one year, and nineteen hundred dollars on or before two years, and nineteen hundred dollars on or before three years from the delivery as aforesaid and the giving to

said Hennessey of possession of said premises and the emoluments, with interest at the rate of seven per centum per annum, payable annually, except in case of a note taken up before due, and the three last-mentioned sums are to be secured by mortgage back on the said premises, and the said Hennessey is to assume, from and after the last-mentioned date and from and after that date only, a certain note and mortgage for eighteen hundred dollars, which plaintiffs made August 10th, 1880, and running from Seth B. Woolworth and. Clara Woolworth to Edwin W. Rice, which said mortgage is recorded in the office of the register of deeds of said Ramsay County, in Book 59 of Mortgages, on page 218, and which the said Hennessey agrees, under and in accordance with the said stipulations herein contained, and each of them, to pay when due.

"It is, moreover, agreed that if there are any clouds or defects in the title to the said property they and each of them shall be removed and cured with becoming diligence by the said Woolworths, and if not removable or curable the aforesaid fifty dollars is to be refunded and this contract to be null and void, at the option of the said Hennessey, and to be void, also, at the option of the said Hennessey, in the event of the neglect or failure on the part of the said Woolworths to remove or cure the clouds or defects which may be on said title.

"P. T. KAVANAUGH,

"*Agent of Clara Woolworth and S. B. Woolworth.*

" Witnesses:                        "DAVID J. HENNESSEY.

"H. A. Estes.
"H. M'Carthy."

Replications to the answer and cross-bill were filed by the plaintiffs, and a decree rendered dismissing the cross-bill and giving them the relief asked by the original bill or complaint. By that decree it was, among other things, adjudged that the instrument of Dec. 23, 1881, was not authorized by the plaintiffs, or either of them, and was void; that the defendant has no right or interest in said lots in virtue of that writing. The

defendant and all persons claiming under him were enjoined from asserting any interest in the lots as against the title or possession of the plaintiffs or either of them.

It was in proof that the plaintiffs, under date of·December 8, 1881, executed and delivered to Kavanaugh a ·writing as follows :

"St. Paul, *Dec.* 8,.1881.

" P. T. Kavanaugh : We hereby authorize you to sell for us lots 4 and· 9, block 20, Robert & Randall's Addition to St. Paul, for ten thousand dollars net to us.

"Clara Woolworth.

"S. B. Woolworth."

There was some evidence tending to show that when Hennessey purchased there was exhibited to him a writing purporting to be signed by the plaintiff, and which authorized Kavanaugh to make sale of these lots upon substantially the terms embodied in the written agreement of December 23, 1881.

The lots, it should be stated, were the property of Mrs. Woolworth, having been purchased with her means.

*Mr. Martin F. Morris* for appellant.

*Mr. I. V. D. Heard* for appellees.

Mr. Justice Harlan delivered the opinion of the court.

After stating the facts as above reported, he continued : It is not claimed, as it could not well be, that the writing .executed by plaintiffs on Dec. 8, 1881, invested Kavanaugh with authority to assent, on behalf of the appellees, to the terms contained in the agreement of December 23, 1881. Authority to sell the lots for " $10,000 net " to the plaintiffs was not authority to impose upon them the burdensome conditions embodied in the last writing. Besides, it is clear from the evidence that Hennessey declined to enter upon· negotiations· for the lots unless Kavanaugh obtained from appellees some

writing conferring upon him as their agent larger powers than were given by the writing of December 8, 1881. The controlling question, therefore, as the court below properly said, was whether the appellees invested Kavanaugh with authority to make sale of the property upon the terms set forth in the writing of December 23, 1881.

It may be conceded, for the purposes of the present case, that in executing that writing Kavanaugh did not exceed the authority given him by Woolworth, and that the latter gave Hennessey to understand that he assented to a sale on the terms contained in it. But the husband did not own the property, and his assent alone was insufficient to pass the title of the wife. General Stats. Minn. 1878, c. 69, §§ 2, 4, p. 769. Under any, even the most liberal interpretation of the local statutes relating to the contracts of married women for the sale of their real property, the appellant could not have a specific performance of the agreement of December 23, 1881, unless it was satisfactorily shown that Mrs. Woolworth, in some legal form, authorized its execution by Kavanaugh on her behalf. We are of opinion that a case is not made which would justify a decree in plaintiff's favor on the cross-bill. Specific performance is not of absolute right. It rests entirely in judicial discretion, exercised, it is true, according to the settled principles of equity, and not arbitrarily or capriciously, yet always with reference to the facts of the particular case. *Willard* v. *Tayloe*, 8 Wall. 557, 567; *Marble Co.* v. *Ripley*, 10 Wall. 339, 357; 1 Story's Eq. Jur. § 742; *Seymour* v. *Delancey*, 6 Johns. Ch. 222, 224. The question in cases of specific performance, Lord Eldon said, is not what the court must do, but what, under the circumstances, it may do, in the exercise of its discretion to grant or withhold relief of that character. *White* v. *Damon*, 7 Ves. 30, 35; *Radcliffe* v. *Warrington*, 12 Ves. 326, 331. It should never be granted unless the terms of the agreement sought to be enforced are clearly proved, or, where it is left in doubt whether the party against whom relief is asked in fact made such an agreement. *Colson* v. *Thompson*, 2 Wheat. 336, 341; *Carr* v. *Duval*, 14 Pet. 77, 83; *Huddleston* v. *Briscoe*, 11 Ves. 583, 591; *Lanz* v. *McLaughlin*, 14

Minnesota, 72; *Waters* v. *Howard*, 1 Maryland, Ch. 112, 116. That Mrs. Woolworth united with her husband in the writing of December 8, 1881, is clearly established. But that she ever signed any other writing relating to the sale of the lots in question, or authorized or directed her husband, or Kavanaugh, or any one else, to sell the lots upon the terms embodied in the writing of December 23, or that she approved or ratified a sale to Hennessey upon such terms, is to say the least, very doubtful under the conflicting evidence in this cause. The Circuit Court did not, therefore, err in refusing specific performance and dismissing the cross-bill. And as the agreement of December 23, 1881, was not shown to be the contract of Mrs. Woolworth, the appellees were entitled to such a decree as was rendered on the original bill.

*The decree of the Circuit Court is affirmed.*