### HILDRETH v. DUFF et al.

(Circuit Court of Appeals, Third Circuit. November 21, 1906.)

#### No. 5.

**1. SPECIFIC PERFORMANCE—CONTRACTS ENFORCEABLE—CERTAINTY.**

In a suit for specific performance of a contract, the burden of establishing the precise terms and certainty of the contract rests on the complainant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, § 383.]

**2. SAME—EVIDENCE CONSIDERED.**

Evidence considered in a suit for the specific enforcement of a contract by requiring the defendant to assign a certain patent to complainant, and held not to show with sufficient certainty that the contract covered the invention of such patent to entitle complainant to relief.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

For opinion below, see 143 Fed. 139.

George P. Dike and Wm. A. Macleod, for appellant.

Kay, Totten & Winter (W. S. Dalzell, James I. Kay, Frederick W. Winter, and R. P. Elliott, of counsel), for appellees.

Before GRAY and BUFFINGTON, Circuit Judges, and LANNING, District Judge.

BUFFINGTON, Circuit Judge. This is an appeal of Herbert L. Hildreth from a decree of the Circuit Court for the Western District of Pennsylvania. In that court Hildreth filed a bill in equity against Duff and Kitzmiller to enforce, by assignment of a certain patent, specific performance of a contract entered into between complainant and one Charles Thibodeau, from whom respondents subsequently bought said patent. The respondents, Duff and Kitzmiller, then filed a cross-bill to quiet title to the patent. On final hearing the court entered a decree dismissing the original bill and granting the relief prayed in the cross-bill. Its opinion is reported in 143 Fed. 139. From such decree Hildreth took this appeal.

The contract on which the bill is based is as follows:

"Whereas, Herbert L. Hildreth, of Boston, candy manufacturer, is desirous of having perfected and manufactured a certain machine or machines for use in the manufacture of candy and especially for sizing, shaping, cutting, wrapping and packing, also the pulling of molasses candy, and whereas, I, Charles Thibodeau, being a skilled mechanic, and desirous of entering the employ of said Hildreth, for the purpose of constructing, improving and perfecting such machinery: Now, therefore, in consideration of such employment and of the payment of wages to me at the rate of ($3.25) three dollars and twenty-five cents per day, I hereby agree with said Hildreth to enter his employ, and that I will give him my best services, and also the full benefit and enjoyment of any and all inventions or improvements, which I have made or may hereafter make relating to machines or devices pertaining to said Hildreth's business. I also further agree that should said Hildreth not desire to patent any of said inventions or improvements, but to keep the same secret, I will do all in my power to assist him in this, and will not disclose any information as to the same or any of them, except at the request of said Hildreth."

This paper is not self-explanatory, and requires oral proof to supplement it. Now, when specific performance is sought of a contract, the burden of establishing the precise terms and certainty of the contract rests on him who seeks performance. Hennessey v. Woolworth, 128 U. S. 438, 9 Sup. Ct. 109, 32 L. Ed. 500. That burden the complainant has not met by showing the contract covered the invention noted in the patent here involved. That contract was dated May 29, 1897. It provided, as we have seen, that whereas, "Hildreth * * * candy manufacturer, is desirous of having perfected and manufactured a certain machine or machines for use in the manufacture of candy and especially for sizing, shaping, cutting, wrapping and packing, also the pulling of molasses candy," etc., that Thibodeau agreed in consideration of employment to give Hildreth "the full benefit and enjoyment of any and all inventions or improvements which I have made or may hereafter make relating to machines or devices pertaining to said Hildreth's business." When this contract was made,

Thibodeau was working on a machine for Hildreth which had a pulling, or, rather, a feeding process in which candy, already whitened, was pulled down to a required size to feed for cutting and wrapping in such machine. It was the improvement of a machine of this type the parties had in view when the contract was made. There is no evidence that during the three years of his employment by Hildreth Thibodeau worked on, or had his attention directed to, any other type of machine. This course of conduct is significant. Said Sudgen, Chancellor, in Attorney General v. Drummond, 1 D. & War. 368:

"Tell me what you have done under such a deed, and I will tell you what that deed means."

Some three years later a machine was built in the west in which the prior practice of whitening candy by hand pulling was first done by machinery. As soon as this came to Hildreth's attention, he himself devised a machine to whiten by pulling for which he obtained a patent. Thibodeau also seems to have devised at home at nights for which the patent in controversy was granted. The promptness with which Hildreth set to work when the idea of a machine of this novel type was brought to his attention, and the quickness with which both men devised machines to do that particular kind of pulling, afford persuasive evidence that neither when their contract was made or for three years thereafter had in view a pulling machine for whitening candy. Such a machine embodied a wholly different process and effected a totally different result from the pulling machine which Thibodeau had in view when he contracted to improve and give the full benefit of such improvement to Hildreth. Such being the case, we think it fair to conclude that there was no intent to cover by this contract the invention by Thibodeau of this radically different type of machine.

The appeal will therefore be dismissed, and the decree of the Circuit Court affirmed.