## EVANS v. NEUMANN et al.

(Court of Appeals of District of Columbia. Submitted February 10, 1922. Decided March 6, 1922.)

No. 3646.

**1. Husband and wife ⊜29(4)—Proof of common-law marriage held not to sustain contract in consideration of marriage.**

Specific performance of a contract in consideration of marriage cannot be decreed, where there was no proof of a ceremonial marriage, on evidence of a common-law marriage between the parties, in the absence of any indication in the contract of intention to contract a common-law marriage, or any certain evidence as to such intention.

**2. Husband and wife ⊜29(4)—Inference that marriage was intended does not show marriage as consideration for contract.**

Even though a written agreement between the parties supports an inference that marriage between them was intended, such an inference does not show an agreement to marry in consideration of the promises contained in a contract which the survivor claimed gave him all the property.

**3. Specific performance ⊜28(1)—Contract must be certain in its terms.**

Specific performance cannot be decreed on a document which is unintelligent, mutilated, and ambiguous, since the contract must not only be certain in all its terms, but its terms must be clearly proved, for it to be specifically enforceable.

**4. Specific performance ⊜8—Right to performance of admitted contract is within court's discretion.**

Specific performance, even when the contract is admitted, rests in the sound discretion of the court, and will not be decreed merely as a matter of right.

Appeal from the Supreme Court of the District of Columbia.

Suit for specific performance by Charles H. Evans against Margaret Mannix Neumann and others. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Milton W. King, Morris Simon, Eugene Young, and Lawrence Koenigsberger, all of Washington, D. C., for appellant.

George C. Shinn, Arthur Peter, and H. I. Quinn, all of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. Ellen Allen died in the District of Columbia, January 17, 1919, leaving a large amount of real estate, and also personal property of the value of about $3,000. By will dated August 2, 1918, she made specific bequests to her two children, and devised the residue of her estate to the Washington Loan & Trust Company for the benefit of her four infant grandchildren.

Appellant filed a bill in equity in the Supreme Court of the District, naming the Washington Loan & Trust Company, the children, and the grandchildren as defendants, alleging that he and Ellen Allen entered into an antenuptial agreement, wherein she agreed, in consideration of their becoming united in matrimony, that "he and she were to be joint owners of all the property of the said Ellen Allen, with the right of the survivor to take the whole thereof"; that in pursuance thereof

they became husband and wife, and that he is entitled to have the agreement specifically enforced, and conveyance of the property decreed to him. The alleged agreement is in words and figures, as follows:

> " * * * * * * * * * onice be
> * * * * * Ilen and Chas H Evans that
> * * * * isagn of house is gone to
> * * * at My disposal, as best of
> my Judgment to be used. And
> Also All buisness of of hers to be
> Conducted by Said C. H. Evans, –
> Also in case of acident or death
> the Surviveing one is Subject then
> to all in his or hers own rite in A
> greement be tween the both of us
> this is a true and Just Agreement be
> twee the both of us So help us <u>God</u>
> of us both this 9th Day of May 1916
> Chas. H. Evans and Ellen Allen 9 <u>30</u>
>                         P.M.
> our corect Signtures on other Side
> furthermore if after we are Married
> there Should be diffigulties Ariese
> be tween us the both of us can
> Seperate on Mutial agreement to
> Sadisfie our Selves as we chose.
> We Also agree to keep our Names
> from the public for one year on
> account of our Chirldren.
> Mrs. Allen is to give up all house
> repairs, and all other buisness that
> * * he has looked after before and Said
> * * * * ns is to conduct it all and to
> * * * * * All Businesses. A true and
> * * * * * * * Coppy C. H. Evans."

(Portions of the paper had been torn off and lost. The stars occupy the position of the detached parts.)

From a decree dismissing the bill, plaintiff appealed.

[1] Assuming, without admitting, that the document here in question can be interpreted as a contract in consideration of marriage, it is conceded that no proof of a ceremonial marriage was adduced. It is contended, however, that there was evidence of a common-law marriage between the parties. There is nothing in the paper from which the intention of the parties to contract a common-law marriage can be inferred, and the vague and uncertain evidence on this point indicated no such intention at the time the paper here relied upon was executed. Indeed, in the light of the certainty and definiteness of proof exacted in establishing a contract that would invoke the extraordinary remedy of specific performance, plaintiff has totally failed to establish his case.

[2] If it be inferred from the paper that matrimony was intended, it nowhere appears that plaintiff, in consideration of succeeding to all the property of Ellen Allen, agreed to marry her. Such an inference, therefore, would not be based on a specific agreement, but upon a vague contingency of marriage at a time indefinite and uncertain.

[3] Specific performance cannot be decreed upon a document so unintelligent, mutilated, and ambiguous as this. In order to obtain equitable relief, the contract must not only be certain in all its terms, but the terms must be clearly proved. Lipscomb v. Watrous, 3 App. D. C. 1.

[4] It is equally well settled that specific performance, even when the contract is admitted, rests in the sound discretion of the court, and will not be decreed merely as a matter of right. As was stated by Mr. Justice Harlan, delivering the opinion of the court in Hennessey v. Woolworth, 128 U. S. 438, 442, 9 Sup. Ct. 109, 111 (32 L. Ed. 500):

"Specific performance is not of absolute right. It rests entirely in judicial discretion, exercised, it is true, according to settled principles of equity, and not arbitrarily or capriciously, yet always with reference to the facts of the particular case. Willard v. Tayloe, 8 Wall. 557, 567; Marble Co. v. Ripley, 10 Wall. 339, 357; 1 Story's Eq. Jur. § 742; Seymour v. Delancey, 6 Johns. Ch. 222, 224. The question in cases of specific performance, Lord Eldon said, is not what the court must do, but what, under the circumstances, it may do, in the exercise of its discretion to grant or withhold relief of that character. White v. Damon, 7 Ves. 30, 35; Radcliffe v. Warrington, 12 Ves. 326, 331. It should never be granted unless the terms of the agreement sought to be enforced are clearly proved, or where it is left in doubt whether the party against whom relief is asked in fact made such an agreement."

It is unnecessary to consider the other errors assigned, since there is no reasonable theory upon which a decree for the specific performance of the alleged contract can be sustained.

The decree is affirmed with costs.