**DAVIS v. LYONS et al.　(No. 2460.)**

(Court of Civil Appeals of Texas. Amarillo. April 8, 1925. Rehearing Denied June 17, 1925.)

**1. Estoppel ⟊111—Statement of legal conclusion that facts alleged amount to estoppel unnecessary, where they warrant conclusion that there is an estoppel.**

If there are facts alleged from which, if proved, court must conclude that there is an estoppel, pleader need not state legal conclusion that they amount to an estoppel.

**2. Estoppel ⟊118—Evidence held to sustain finding that plaintiff estopped from claiming interest in oil and gas lease.**

Evidence held to sustain finding that plaintiff is estopped from asserting any right or interest in oil and gas lease, by reason of his statement that he claimed no interest whatever in lease, in reliance on which grantors transferred lease to another.

**3. Mines and minerals ⟊74—Evidence held to sustain finding of no verbal contract of sale of interest in oil and gas lease to plaintiff.**

Evidence held to sustain finding that there was no verbal contract of sale to plaintiff of interest in oil and gas lease.

**4. Escrows ⟊9 — Deed in escrow does not convey title until condition performed.**

Delivery of assignment of half interest in oil and gas lease in escrow until purchase price paid does not convey title until purchase price paid.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by W. F. Davis against Mrs. F. Lyons and others. From a judgment that plaintiff recover nothing as against any of defendants, that defendant Lyons be quieted in her title to lease, and that defendant Canadian Park Oil Company recover a stated sum from plaintiff, and that plaintiff's rights and equities be canceled, plaintiff appeals. Affirmed.

Smoot & Smoot and Melville E. Peters, all of Wichita Falls, for appellant.

Bullington, Boone & Humphrey and John B. King, all of Wichita Falls, for appellees.

HALL, C. J. We adopt the statement of the nature and result of the suit from appellant's brief, concurred in by appellee, as follows:

Davis, as plaintiff, sued Mrs. Lyons, the Canadian Park Oil Company, Ward Grow, W. F. Seeger, and the members of the Canadian Park Oil Company, as partners, alleging, in substance, in his amended original petition that the Canadian Park Oil Company, which originally owned the lease in question, about June 20, 1921, entered into a written agreement with Cox & Worley, un-

---

⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

der which they turned over the lease to the latter to operate by an agreement which provided that if Cox & Worley doubled the production from the lease or drilled as many as two additional wells, they were to have a half interest in the lease, and bound itself to assign such interest to them upon fulfillment of said conditions; that the lease and contract were later assigned to Grow, and about January 1, 1922, Grow orally assigned said interest in the lease to plaintiff, Davis; that Cox & Worley entered into possession under such contract, and they and their assignees, Grow and others, and plaintiff complied with the terms of such contract, or by plaintiff became entitled to a half interest in the lease; that the oil company had full knowledge at all times of such contracts and transactions; that about March 1, 1922, and at various other times, plaintiff demanded that the defendant oil company transfer to him his half interest; that the oil company refused to comply with his request, but assigned the same to Mrs. Lyons, who, with full knowledge of plaintiff's lease, went into possession of the lease, ousted the plaintiff, and appropriated to her own use plaintiff's half of the oil produced, to his damage in the sum of $5,000; and also deprived plaintiff of the value of his half of such lease, to his damage in the sum of $7,500, and by recording her lease from the oil company to herself, she willfully clouded the title of plaintiff to the lease to his damage in the sum of $5,000. It is further alleged that Grow, by false and fraudulent representations, induced plaintiff to purchase said lease, falsely representing that it produced 15 barrels of oil per day, to plaintiff's damage in the sum of $5,000; that after Grow had, on January 2, 1922, assigned to plaintiff all the rights which Grow et al. had under the Cox & Worley contract, that is, said one-half interest in the lease, the plaintiff lawfully entered into possession with full consent of all parties, and continued to operate the lease until June 20th following, during which time he drilled one well, made payments upon the purchase money, and expended in the operation and development of the lease $4,090 over and above all sums derived by him from the oil produced therefrom. Plaintiff prayed for judgment, and in addition to certain sums not material to this appeal, for the following: (1) $3,000 as the value of oil appropriated from the lease after plaintiff's ouster; (2) $4,090 as the amount advanced in paying for and improving the lease while in plaintiff's possession, after deducting the proceeds of the oil run by him; (3) $7,500 as the value of plaintiff's half interest in said lease.

The defendant, in addition to exceptions and allegations not deemed material to this appeal, pleaded: (1) the statute of frauds as against the purported oral conveyances.

274 S.W.—19

(2) That the contract between the Canadian Park Oil Company and Cox & Worley was subject to a contract subsequently made between Grow, after he had taken over such contract, and the oil company, under which Grow undertook to purchase the remaining half of the lease for $8,000, evidenced by a number of promissory notes, and that a transfer of such lease was conditioned upon the payment of such notes; that the assignment of the lease to plaintiff Davis contemplated the assumption of such notes; that such sum not having been paid by Davis, Grow and his associates had reconveyed their interest to the oil company, which in turn had conveyed the entire lease to Mrs. Lyons for $10,000. (3) That plaintiff went into possession of the lease January 1, 1922, and remained in possession until June 1, 1922, and a recovery of $3,000 against him was asked for the oil taken by him from the lease during that time. (4) They sought a recovery upon a note for $413, alleged to have been executed to the City National Bank as collateral for a note of the defendants, such note being later conveyed to the oil company when it took up the note to which the Davis note was attached as collateral. (5) That Davis had stated that he had no contract with Grow, and refused to pay anything on his written contract wih Grow, whereupon Grow and his associates reassigned to the oil company their interest in such lease, together with all claims they had against Davis for the latter's part of the purchase price of said lease. A judgment was sought for the property and the several amounts claimed. No tender was made of any amount spent by Davis.

By supplemental petition: (1) Plaintiff denied that the Cox & Worley contract under which he claimed the half interest was related to or controlled in any way by the subsequent contract between Grow and the oil company, but alleged that the half interest which passed under the former contract was a vested interest, and was entirely independent of the subsequent contract between Grow and the oil company. (2) He further pleaded failure of consideration, that the $413 note was accommodation paper, and that it was satisfied by the payment of the note which it was intended to secure. (3) He denied that he had realized anything from the oil run of the lease other than such as he was entitled to under his contract. (4) On January 1, 1922, Grow assigned him all interest he had under the Cox & Worley contract, being a half interest, and carrying with it possession and the right of operating the lease, and had placed him in possession of the lease with the knowledge and consent of the oil company; and he had, under such agreement, drilled and cleaned out the wells, and paid on the purchase money, expending

in all $4,090 over and above what he realized out of the oil run.

The case was tried before the court without a jury. The substance of the court's finding is as follows: (1) The Canadian Park Oil Company, a copartnership, originally owned the lease in question. (2) Such company executed the contract, shown as Exhibit B to plaintiff's petition, to Cox & Worley, which contract was subsequently assigned to Ward Grow. (3) After acquiring the Cox & Worley interest, Grow, on November 5, 1921, contracted to purchase the remaining interest from the oil company for $8,000, payable in notes, in which contract it was agreed that the assignment of the whole lease should remain in escrow until all notes were paid. (4) That about January 22, 1922, and after such contract of November 5, 1921, had been placed in the bank, and after he had drilled one well and increased the production to double the amount it was at the time the oil company made the agreement with Cox & Worley, Ward Grow made an executory contract with W. F. Davis, in which he agreed to convey the lease to Davis for $6,840, with the understanding that Davis should assume the $7,600 due the Canadian Park Oil Company, "as shown by such agreement," attached to the court's finding as Exhibit I. (5) That the assignment was delivered to Davis, but never recorded, and was marked "rejected" by him with a pen, and the notes and deed of trust called for therein were not delivered by him, and nothing was paid except $1,000. (6) That Grow made no representations to Davis with reference to the production of the lease, and that Davis was acquainted with the amount of production at the time of the purchase by him. (7) That Davis never paid the purchase price called for in the assignment which he marked "rejected"; that the superior title remained in the oil company; that after Davis refused to pay the amount provided for such assignment, Grow and his associates reconveyed to a trustee for the oil company, who in turn conveyed to the defendant Mrs. Lyons for $10,000 cash. (8) That there was no verbal contract between Grow and Davis for the sale of such lease. (9) That Davis abandoned any attempt to pay out the lease, and did not intend to pay the purchase price provided for in the assignment which Davis marked "Rejected." (10) That before Grow and associates reassigned their interest to the trustee for the oil company, Davis represented to such trustee that he claimed no interest in the property; that he had refused to receive and record the assignment, and refused to pay the purchase price called for therein, and that such trustee, acting upon his statements and representations, secured the reassignment from Grow and associates, and made the sale to Mrs. Lyons. (11) That Davis executed the note for $413 to the bank to secure a loan from such bank to take up one of the Grow notes, and that when he refused to pay it, the oil company who had guaranteed its payment paid it, and received an assignment of the $413 note, and that Davis was liable to such company for the full amount thereof. (12) The court further "found in favor of defendants upon their plea of estoppel, and that the evidence supported paragraph P of defendant's answer and cross-action."

Judgment was rendered that Davis recover nothing as against any of the defendants; that Mrs. Lyons be quieted in her title to the lease; that the oil company recover of Davis the amount of the $413 note, interest, and attorney's fees; that the rights and equities of Davis in such property be canceled, and that he pay all costs.

[1] Numerous propositions are insisted upon by appellant, which, in the main, it may be conceded are correct as abstract propositions of law, but which, under the view we take of the case, it will not be necessary to consider in detail. The controlling issue is presented by the appellees'. plea of estoppel. Appellant insists that appellees did not plead estoppel, but, after careful consideration of their amended answer, we think it contains all the essential elements of such a plea. If there are facts alleged, from which, if proved, the court must conclude that there is an estoppel, it is not necessary for the pleader to state the legal conclusion that they amount to or work an estoppel. Sovereign Camp Woodmen of the World v. Ray (Tex. Civ. App.) 262 S. W. 819.

[2] In their amended answer, Mrs. Lyons and her codefendants allege, in substance, that at the time of the sale to her the Canadian Park Oil Company procured an abstract of title to be made of the property in controversy, which showed no outstanding title in the appellant, Davis, but that, the Canadian Park Oil Company being advised that Davis did not in fact have an interest, caused its representative, an attorney, to interview Davis concerning such interest, and that Davis advised the said attorney that he claimed no interest whatever in the lease; that he had repudiated the contract with Grow and Seeger, and refused to pay any amount due upon the notes which were given for the purchase price; that thereafter the oil company accepted a reassignment of the lease from Seeger and Grow, and dismissed the suit which it had previously instituted against Davis to recover the purchase price, and advised Mrs. Lyons that Davis was claiming no interest in the lease, and had stated to its attorney that he claimed no interest; whereupon the transfer of the lease was made to Mrs. Lyons, who paid the purchase money. The court found that Davis was estopped, and this finding is supported by ample testimony.

The defendant's attorney testified that he

first went to see Grow about paying the notes which the latter had given for one-half interest in the lease; that Grow told him he had sold it to Davis; that Davis had assumed payment of the notes, and exhibited to the witness a copy of the contract which he and Seeger had signed; that the witness then called upon Davis and advised him that he was going to bring the matter to a head by bringing suit against the Orient Petroleum Company, Davis, Grow, and the other interested parties, and that he did file the suit; that he again saw Davis and told him what had been done, and advised him that Grow had a chance to sell the lease to Mrs. Lyons' son; thereupon Davis told the witness that he did not make any final contract with Grow, and, while he had entered into an agreement with reference to the purchase of it, he had repudiated it, and that he did not claim any interest or title to the lease, and that the Oriental Petroleum Company claimed no interest; that the pending law suit was dismissed, and witness obtained a reassignment of the lease from Grow and Seeger; that he dismissed the lawsuit because the record title of the lease was then in the Canadian Park Oil Company, and because Davis told him he had not acquired any title to it, did not claim any interest in it, and was not going to pay the notes. Witness further testified that he told Arthur Lyons that he would not sell to Mrs. Lyons until he had ascertained from Davis the latter's attitude, and that it was after Davis told the witness that he claimed no interest in the lease and would not pay the notes that the witness consummated the deal with Lyons. He testified further that he did not get any writing from Davis, because there was nothing of record showing any interest that Davis might have in the lease, and because Davis had told him that he did not have any title, and did not claim any interest, and he did not think Davis would go back on his word. The trial judge evidently accepted this testimony as true. Although Davis testified to the contrary, there is other evidence in the record which strongly corroborates the testimony of the appellees' attorney.

[3] By a preponderance of the evidence the finding of the court to the effect that there was no verbal contract of sale is amply sustained, since it appears that the common intention was that the sale should be evidenced in writing. Grow testified that he did not make any oral agreement for the sale of the lease; that he sold it to Davis on January 2, 1922, and that Davis executed notes for the purchase price; that Mr. Davis wrote the assignment and the notes in compliance with the agreement; that one Conn, an employee of Davis, was present in the latter's office at the time, and that he, Grow, took Conn out to Seeger's house where the latter was sick in bed, and had Seeger to sign and acknowledge the written contract of sale before a notary public; that he then brought it back to Davis' office, and Davis executed the notes and had the writing on his desk; that Davis then picked up this assignment, but would not give the notes to Grow, but paid him about $1,000 on the contract. Grow is corroborated by the testimony of Seeger and of Conn. While the failure of Davis to deliver the notes may not amount to a sale evidenced fully in writing, these facts do exclude the idea of a verbal sale, and tend to prove his repudiation of his agreement to purchase the whole lease.

O. A. Buckner testified that Davis admitted to him that he had bought the whole lease, and was to assume the indebtedness to the Canadian Park Oil Company, but that when witness made a demand for payment of the indebtedness to the company for the lease, Davis then denied his statement, and, with the exception of the $413 note, refused to pay the indebtedness. We think Davis' own testimony is sufficient to show that he repudiated the written contract, and that he had never accepted title to the lease; and the uncontradicted evidence is that he had never paid for it in accordance with his undertaking. It is true that the record shows that he went into possession of the lease and operated it for a time, incurring considerable expense, but it further shows that during this time he appropriated to his own use the value of the oil produced from it. But these facts become immaterial when it is clearly shown that he afterwards repudiated the contract of sale, refused to pay the balance of the purchase money, denied having any interest in the property, and thereby induced Mrs. Lyons to purchase it.

[4] The evidence shows that the note for $413 was executed by the appellant, Davis, either as his obligation under his assumption of the indebtedness due by Grow under the contract of November 5, or else was executed for the accommodation of Grow. There is no evidence showing that it was executed for the accommodation of the company, and we think the company is entitled to recover the amount thereof. When the second half interest in the lease was conveyed to Davis, the assignment was delivered in escrow, and until he had paid the purchase price in accordance with its terms, the contract was executory, and it did not have the effect of conveying title to him. Blue v. Conner (Tex. Civ. App.) 219 S. W. 533.

For the reasons stated, the judgment is affirmed.