## RAYMER v. HOUGHTON.

### No. 8617.

Court of Civil Appeals of Texas. San Antonio. May 15, 1931.

Rehearing Denied June 24, 1931.

I. M. Singer and Felix A. Raymer, both of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

SMITH, J.

Appellant purchased an automobile from the R. A. Houghton Motor Company, a corporation, which took his promissory notes in part payment and his chattel mortgage upon the car as security. R. A. Houghton afterwards took over the assets of the corporation, which he in fact owned, and which was thereupon dissolved. Appellant defaulted in the payment of a balance of approximately $400 due on the notes, whereupon Houghton took possession of the car in accordance with the provisions of the mortgage. Appellant then brought this suit to recover possession or the value of the car, and sequestrated it. Appellee then replevied the car, and within a short time sold it for a sum approximating the balance appellant owed upon it, which appellant concedes was the then market value of the car. Appellant did not tender payment of his obligation; on the other hand, he refused to pay the obligation and prayed for its cancellation. Judgment was rendered that he recover nothing, and he has appealed.

■ It is contended by appellant that there was no evidence authorizing the trial court's finding that appellee was the owner of the notes and mortgage at the time he exercised the privilege of the mortgagee, and also erred in permitting appellee to testify that he was such owner. There is no merit in these contentions. Appellant himself, in his pleadings, verified by his affidavit, affirmatively alleged that appellee owned the notes and mortgage at said time, and appellee likewise alleged such facts to be true. These allegations and admissions in the pleadings of both parties had the effect of conclusively establishing the fact, and the admission of appellee's testimony to the same effect, even if error, was immaterial and harmless. Appellant's first and second propositions are accordingly overruled.

■ It was provided in said mortgage that, upon appellant's default in the payment of said notes, appellee was fully authorized to seize the car and without notice sell it at either public or private sale, apply the proceeds of the sale to the settlement of the balance due on the notes, including interest and attorney's fees, and the costs of seizure and sale, and of necessary repairs, and pay over the balance, if any, to appellant upon his demand therefor. The court found that appellee seized and sold the car at its then market value, and applied the proceeds as provided in the mortgage, it having been sold for approximately the amount of the balance appellant then owed on the purchase-money notes. Appellant at no time demanded an accounting from appellee, nor did he at any time, either before or after suit, tender all or any part of the balance owing by him upon his obligation, but, on the other hand, refused to pay same; he simply, before instituting suit, demanded the return of the car to him, and then instituted suit for its possession, or, in the alternative, for its market value, and the cancellation of his notes. He did not seek to recover damages on account of any alleged wrongful seizure. The trial court held that under these facts appellant was entitled to recover neither the possession nor the value of the property. We conclude that the court did not err in so holding.

■ The trial judge filed his written findings of fact. Being dissatisfied with those findings, appellant requested the court to find certain other specific facts, but the judge refused the request, giving his reasons therefor in annexed qualifications, in which he stated that, if he had passed upon appellant's request upon its merits, he would have found the facts so requested. Appellant excepted to the court's refusal to approve the additional requested findings, and assigned error thereon, but has not followed up his contention by propositions in his brief. The matter is therefore not presented for decision by this court. The findings filed by the court, and not the qualifications appended to rejected findings, must control the facts upon which the appeal is to be determined.

■ Appellant contends that appellee obtained and retained possession of the car under the guise of the rightful owner thereof, rather than as mortgagee, and appropriated it to his own uses, and that such possession was therefore unauthorized and wrongful, and amounted to a conversion. The fact remains, however, that, under the terms of the mortgage, appellee was given the power to seize and sell the car in satisfaction of appellant's debt; that he did take such possession, and did sell the car at a price conceded by appellant to represent the amount of its then market value, and the undisputed evidence shows this amount to be no more, if not less, than the amount of appellant's obligation. Appellant did not seek an accounting from appellee, but sought only to recover possession of the car, or its full value in lieu of possession, and made no offer to pay all or any part of his obligation thereon; on the other hand, he prayed that one of his notes, on which he had paid nothing, be canceled. Under his pleadings and the court's findings, he was not entitled to this remedy. He did not allege or seek to recover damages for wrongful seizure and possession, which would have been his remedy for the wrongs complained of in his brief.

Appellant's recovery was dependent upon his right to possession of the automobile, and, having failed to establish such right, he could not recover either possession of the automobile or its value.

The judgment is affirmed.