## CATTELL v. JEFFERSON.
### No. 5162.

Court of Appeals of District of Columbia.
Argued June 3, 1931.
Decided June 29, 1931.

Kate P. Johnson and Alfred D. Smith, both of Washington, D. C., for appellant.

James S. Easby-Smith and F. W. Hill, Jr., both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from an order in equity of the Supreme Court of the District of Columbia dismissing an amended bill for specific performance of a contract for the sale of lands in the city of Washington.

The contract was dated December 25, 1915; the amended bill was filed November 17, 1929; the motion to dismiss it, November 22, 1929; and the order dismissing it, after hearing, December 4, 1929, whereby a cause requiring fourteen years to get into court remained there two weeks.

The plaintiff below electing no further amendment, appealed to this court, bringing a single assignment of error in his record, stating in general terms that "the Court erred in granting the motion to dismiss the amended bill of complaint on the grounds set forth in said motion."

That motion set forth seven specific grounds; the order of dismissal renders no reason; while the memorandum opinion of the judge is apparently, though not expressly, based on one or more of the enumerated grounds of the motion.

In these circumstances the appellee's brief in this court contains a motion to dismiss this appeal because the assignment of error is too general and does not comply with rule 5, section 9, requiring that errors shall be separately and specifically stated.

This motion is argued at length in appellee's brief, though not mentioned in appellant's, and no such motion appears to have been formally filed in this court or brought to the attention of the appellant.

■ While this assignment of error is not so specific as it might be, or as the rule contemplates, the view of the trial judge sufficiently appears from his memorandum opinion and his order, as brought up by the record, and laying to one side the long delay in bringing the suit which is somewhat unconvincingly explained in the bill, we pass to a consideration of the appeal on its merits.

The bill after the usual recitals of residence and citizenship alleges, in substance, that on December 25, 1915, defendant and his now deceased wife contracted in writing to sell plaintiff all of square 608, in the District of Columbia, at the price of 4½ cents per square foot.

That plaintiff owned lot 10 in said square, while the defendant claimed the remainder of the square by tax titles and adverse possession, and agreed to perfect his title by appropriate proceedings, for which purpose approximately $1,000 was paid by plaintiff, to be credited on the purchase price.

That defendant has not instituted such proceedings, and, though often requested, still refuses so to do, with intent to defraud plaintiff and to sell said lands to other persons.

That plaintiff agrees to buy and defendant to sell all lots in said square to which defendant may perfect title in the Supreme Court of the District of Columbia.

That plaintiff will furnish all money required by defendant's attorney for clearing the title, such advances to be credited on the purchase price of such lots as to which title shall be established, while lots to which title shall not be established shall be excluded from the sale.

The contract is filed as an exhibit and part of the bill, which prays for process, specific performance of the contract, and general relief.

■ The trial court held that specific performance would not lie because the bill shows that the necessary proceedings to clear the title had never been instituted, and with this position we agree.

The bill does not pray for a conveyance of the title held by the defendant, but that the chancellor require him to perfect his title by proceedings, and then to convey the perfected title so acquired.

■ Specific performance, being not a matter of right but resting in discretion, will usually be denied against a vendor unable to comply with his contract for lack of title, although his lack of title may result from his own act, or, as here, from his omission to act. McCabe v. Matthews, 155 U. S. 550, 15 S. Ct. 190, 39 L. Ed. 253; Hennessey v. Woolworth, 128 U. S. 438, 9 S. Ct. 109, 32 L. Ed. 500; Halsell v. Renfrow, 202 U. S. 287, 26 S. Ct. 610, 50 L. Ed. 1032, 6 Ann. Cas. 189; Evans v. Neumann, 51 App. D. C. 300, 278 F. 1013; Ryan v. Martin (C. C.) 165 F. 765, 771; Smith v. Bangham, 156 Cal. 364, 104 P. 689, 28 L. R. A. (N. S.) 522; Ward v. Newbold, 115 Md. 689, 81 A. 793, Ann. Cas. 1913A, 919; 25 R. C. L. 245, par. 48.

■ As Justice Gray states the rule in Kennedy v. Hazelton, 128 U. S. 671, 9 S. Ct. 202, 203, 32 L. Ed. 576: "A court of chancery cannot decree specific performance of an agreement to convey property which has no existence, or to which the defendant has no title."

The decree is affirmed with costs.

Affirmed.