**DAYLE L. SMITH OIL CO. v. GRIFFIN et al.**

**No. 9869.**

Court of Civil Appeals of Texas. San Antonio.

March 17, 1937.

Rehearing Denied April 21, 1937.

E. T. Yates, of Brownsville, J. Q. Henry, of Mission, and Montgomery, Hall & Taylor, of Edinburg, for appellant.

Hill & Greer and Julius F. Franki, all of Mission, for appellees.

SLATTON, Justice.

This is a suit in trespass to try title, filed in the district court of Hidalgo county, Tex., by Mamie Closner Griffin, joined by her husband, against Dayle L. Smith Oil Company et al., for the title to and possession of seven-eighths of the minerals in and to 1,264 acres of land situated in said county.

The cause was submitted to the jury on special issues, and upon such findings the court entered judgment for Mamie Closner

Griffin and against Dayle L. Smith Oil Company et al. The Dayle L. Smith Oil Company alone appealed.

It appears from the record that on February 14, 1930, Juan Lino Garza, the then owner of the 1,264 acres of land described in the appellees' pleading, executed and delivered an oil and gas lease in the ordinary form, to one L. S. Edwards. On February 21, 1930, L. S. Edwards assigned this lease to V. F. Closner. On the 13th of March, 1930, V. F. Closner in turn assigned the lease to Mamie Closner Griffin, one of the appellees here. On the 31st day of October, 1931, Mamie Closner Griffin, joined by her husband, H. P. Griffin, executed an assignment of the lease to Dayle L. Smith, which was delivered to the bank, together with an escrow agreement. The provisions of the escrow agreement will be hereafter noticed.

█ We are met at the threshold of this case by a motion, filed by the appellees herein, asking that the appeal be dismissed, assigning that the Dayle L. Smith Oil Company is not shown by the record to have such an interest in the judgment below to be entitled to an appeal.

We think that in a suit in trespass to try title the possession of the interest in land sued for is alleged to be in the defendant, and where the judgment in the cause divests from the defendant the right of possession, certainly that party is an aggrieved party and is therefore entitled to prosecute an appeal. It follows that the motion of appellees to dismiss this appeal was heretofore by the court rightly overruled.

█ The appellant's first proposition is, in effect, that in a suit in trespass to try title it was error for the court to admit in evidence, over the objection of the appellant, the escrow letter from appellees to the First National Bank of Edinburg, in the absence of a special pleading entitling appellees to affirmative equitable relief.

It seems to us that there are cases by the appellate courts of this state which lay down the rule that in a trespass to try title suit, without special pleading, there can be granted no affirmative equitable relief; and there are cases by our appellate courts which lay down a contrary rule. However this may be, under our view of the pleadings of both parties to this record, and the evidence introduced thereon, it is not necessary for us to determine that interesting question. It is a sufficient answer to say that the matters objected to were specifically alleged in the pleadings of the appellant. Among other things, the escrow agreement stipulates: That on or before January 1, 1932, actual drilling operations on a test well for oil and gas on lands owned by Osca Daskam in porcion 45, in Hidalgo county, Tex., should be commenced and diligently prosecuted to a depth of 4,500 feet, etc.; that on or before sixty days from the date of completion of said test well on the Daskam land, a well should be begun on the land in the lease; that before the delivery of said lease and assignment Dayle L. Smith, her heirs, or assigns, shall execute and deliver a good and sufficient transfer and assignment of lease to certain acreage out of said lease to the appellees, etc.; and, fourth, the assumption of the payment of the rentals on the lease.

We think the delivery by appellees of the assignment did not of itself pass any title whatever to the assignee, until the stipulations contained in the escrow agreement, as aforesaid, were fully performed by the assignee. In 17 Tex.Jur. p. 92, § 5, it is said: "The instrument deposited becomes effective on the fulfilment of the conditions, though no actual delivery be made by the depositary. But, until the conditions have been performed, or the event has happened upon which the instrument is to be delivered, no right or title passes; until that time the contract is executory."

In the case of Blue v. Conner, 219 S.W. 533, 534, the Amarillo Court of Civil Appeals say: "A deed so delivered in deposit does not convey the title until the conditions of the deposit are performed."

The same court, in Davis v. Lyons, 274 S.W. 288, 291, say: "When the second half interest in the lease was conveyed to Davis, the assignment was delivered in escrow, and until he had paid the purchase price in accordance with its terms, the contract was executory, and it did not have the effect of conveying title to him."

Our Supreme Court, in Steffian v. Milmo National Bank, 69 Tex. 513, 518, 6 S.W. 823, 824, opinion by Judge Gaines, used this language: "It is elementary law that the delivery of a deed is requisite to its validity as a conveyance. To take effect, it is quite as necessary that it should be delivered as that it should be signed. To complete a delivery in its legal sense, two elements are also essential. The instrument must not only be placed within the control of the grantee, but this must be done by the grantor with the intention that it shall become operative as a conveyance."

This court, in Manton v. City of San Antonio, 207 S.W. 951, 952 (writ refused), after stating that the delivery of a deed in escrow to be delivered upon the performance of a condition is a delivery on condition precedent rather than condition subsequent, said: "If there had been no delivery of the deed to the bank to be held as an escrow, the law as to conditions subsequent would undoubtedly be applicable, and a substantial compliance with the terms of the condition would satisfy the law and prevent a forfeiture of the title. The law, much less equity, does not favor forfeitures, but, in the case of conditions precedent, it will not permit the title to pass until the condition is performed. Conditions subsequent are strictly scrutinized and rigidly construed. In cases of conditions precedent, however, it is ordinarily the case that the purchase money has not been paid and no title vested, and this is especially the case in connection with conditions precedent which are usually contained in escrow deeds."

The Austin Court of Civil Appeals, in Norman v. Wilson, 41 S.W.(2d) 331, 332 (writ refused) say: "It is now well settled that placing a conveyance in escrow to be delivered upon performance by the grantee of certain conditions passes no title to the property until delivered. And the grantee is not entitled to delivery until he has fulfilled the conditions imposed by the escrow agreement"—Citing authorities.

The jury having found, under appropriate instructions by the court, that the conditions of the escrow agreement were not complied with, the trial court was fully warranted in entering judgment in favor of appellees and against the appellant.

It seems clear to us that the appellees retained the legal and equitable title to the minerals described in the assignment placed in escrow and that nothing passed to the assignee until all the terms and conditions of the escrow letter were fully complied with.

■■ In Hardy v. Beaty, 84 Tex. 562, 19 S.W. 778, 780, 31 Am.St.Rep. 80, our Supreme Court said: "The law then, as now, permitted the action to be maintained upon an equitable as well as the legal title. These provisions of the statutes are so well known that we deem it unnecessary to quote them. They show the purpose of the law to be to provide by the remedy of trespass to try title a method of vesting and divesting the title to real estate in all cases where the right or title or interest and possession of land may be involved. The remedy was evidently designedly intended as broad enough and effective in its scope to embrace all character of litigation that affected the title to real estate."

In Thuss, Oil & Gas (2d Ed.) § 214, p. 302, it is said: "A person having the paramount title to an estate in realty may bring an action of trespass to try title to determine the question as to possession of the estate. The lessee, according to the law in this state, has an estate in realty in the minerals in place; and the lessor also has a reserved estate in the minerals. Any one having an estate in minerals in place may bring an action of trespass to try title, as in the ordinary case affecting land titles."

That an oil and gas lease is an interest in realty is well illustrated and defined in the case of Yates v. State (Tex.Civ.App.) 3 S.W.(2d) 114, and authorities there cited.

We think the action of trespass to try title was an appropriate remedy in this case.

What we have said also disposes of appellant's second and third propositions.

■■ Appellant's fourth proposition complains that it was error for the court to admit in evidence the oil and gas lease from Juan Lino Garza and wife to L. S. Edwards, and the assignment from L. S. Edwards to V. F. Closner, and the assignment from Closner to appellees, because appellees had specially pleaded their title, in that appellees had pleaded that L. S. Edwards was the common source, further claiming that this proof showed that Juan Lino Garza and wife is the common source. A sufficient answer to this contention is that appellant specially pleaded that on the 14th day of February, 1930, Juan Lino Garza and wife executed with L. S. Edwards an oil and gas lease on the land, and it also pleaded the assignment from Edwards to plaintiffs below, and the assignment from plaintiffs below to Dayle L. Smith, and made such instruments exhibits of its pleadings. In 33 Tex.Jur. p. 647, § 191, it is said:

"Since the office of pleadings is to define the issues to be tried, and since pleadings are matter of record as distinguished from matter of evidence, an adversary's pleadings are not required to be introduced in evidence in order to obtain the benefit

of any admission therein. For the same reasons, what is alleged in the pleadings on which the trial is had is conclusive against the pleader. No controverting evidence may be introduced, for no issue as to that fact is presented."

See, also, Houston, E. & W. T. Ry. Co. v. De Walt, 96 Tex. 121, 70 S.W. 531, 97 Am.St.Rep. 877; Raymer v. Houghton (Tex.Civ.App.) 39 S.W.(2d) 941; Bosse v. Cadwallader, 86 Tex. 336, 24 S.W. 798.

Moreover, we do not believe that the pleading of a common source amounts to specially pleading title.

We think also that the fifth proposition urged by appellant is without merit. The record sufficiently identifies the land mentioned in the lease and assignments as being the same as that described in the pleadings. Smith v. Chatham, 14 Tex. 322; Frazier v. Waco Bldg. Ass'n, 25 Tex.Civ.App. 476, 61 S.W. 132; Porch v. Rooney (Tex.Civ.App.) 275 S.W. 494.

By the sixth proposition appellant claims that appellees converted the rental money on the lease paid them by appellant, instead of using it to pay the rentals on the lease, and that the record shows without dispute a repudiation of the escrow agreement, and, as a matter of law, it is entitled to have this judgment reversed and rendered in its favor.

It may be the principle contended for is sound enough; however, it is not applicable here, for the reason that the record does not sustain the contention. One of the appellees testified: "I made satisfactory settlement with Juan Lino Garza for those two years, for those rentals, yes, sir." There was no issue requested by appellant on this issue, and it follows that, if there is other evidence in the record tending to show a conversion of the rentals, which we have not noticed, we would not be authorized with the record in this condition to reverse and render under this proposition.

By the seventh proposition appellant complains of the refusal by the trial court to submit a special issue to the jury, as follows: "Do you find from a preponderance of the credible testimony that the plaintiff, shortly prior to the 14th day of February, 1933, represented to Dayle L. Smith that if she would pay the annual rentals on the lands described in plaintiff's petition, plaintiff would waive the clause in the escrow agreement which obligated Dayle L. Smith to drill?"

The trial court submitted the above issue to the jury, except that the drilling time was limited to "during the time she was prevented from doing so by Osca Daskam."

The pleadings of appellant limited the time to exactly the same time as that limited by the trial court in a special issue submitted to the jury. It follows that this proposition is without merit.

We think appellant's eighth proposition is without merit. Considering the testimony of H. P. Griffin on the whole, such testimony was not subject to the objection of being hearsay, as leveled by the appellant, and was therefore correctly admitted by the trial court. He testified that he had been upon the land, knew its fences and the field notes, and was testifying to facts within his own knowledge.

It follows, from what has been said, that the record shows no reversible error, and the judgment of the trial court should be in all things affirmed.