## In re STOFFREGEN.*

(Court of Appeals of District of Columbia. Submitted May 11, 1925. Decided June 1, 1925.)

No. 1750.

Treaties ☞12 — Peace treaty with Germany not self-executing, and application for patent, otherwise barred, properly denied, though made within 6 months after making of treaty.

Treaty of peace between United States and Germany of November 14, 1921 (42 Stat. 1939), is not, as relates to patents, self-executing, and where application for patent was barred by Rev. St. § 4887, because not made within 12 months after application for German patent, and not saved by Nolan Act, March 3, 1921 (Comp. St. Ann. Supp. 1923, §§ 9431a–9431h), patent could not be granted, though application was made within 6 months after making of treaty.

Appeal from Commissioner of Patents.

In the matter of the application for patent by Ernst Stoffregen. From a decision of the Patent Office, denying the application, applicant appeals. Affirmed.

A. D. Lunt and C. E. Tullar, both of Schenectady, N. Y., and Melville Church, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals, refusing to allow appellant's claims for a patent, on the ground that his application is barred by lapse of time, under section 4887, Rev. St. ; his German patent covering the same subject-matter having been granted on an application filed more than 12 months prior to the filing of his application in this country.

The German application was filed October 11, 1915, and a patent issued thereon October 20, 1919. Appellant's present application was filed May 10, 1922, approximately 6½ years after the filing of the German application. It is conceded that this application is barred by section 4887, R. S., and was not saved by the Nolan Act of March 3, 1921 (41 Stat. 1313 [Comp. St. Ann. Supp. 1923, §§ 9431a–9431h]), which expired September 3, 1921. Appellant contends, however, that under the treaty of peace between the United States and Germany on November 11, 1921 (42 Stat. 1939), the time for filing in this country was extended 6 months from that date, within which period appellant's application was filed. In other words, it is

*Certiorari denied 46 S. Ct. 26, 69 L. Ed. ——.

the contention of appellant that this treaty was self-executory. The Patent Office, on the other hand, insists that the treaty requires legislation to make it effective, so far as it relates to patents.

The Nolan Act in part provided "that the rights of priority provided by section 4887 of the Revised Statutes, for the filing of applications for patent for inventions and designs, which rights had not expired on the 1st day of August, 1914, or which rights have arisen since the 1st day of August, 1914, shall be, and the same are hereby, extended until the expiration of a period of six months from the passage of this act in favor of the citizens of the United States or citizens or subjects of all countries which have extended, or which now extend, or which within said period of six months shall extend substantially reciprocal privileges to citizens of the United States, and such extension shall apply to applications upon which patents have been granted, as well as to applications now pending or filed within the period herein." The object of this statute was to relieve certain applicants whose applications became abandoned during the World War. Seror and Hoyer v. Dick (Patent Appeal No. 1670, present term) 55 App. D. C. 151, 3 F.(2d) 92. It will be noted that it is all-embracing in its terms, for its privileges are extended to "citizens of the United States or citizens or subjects of all countries" which have or within the period specified may extend reciprocal privileges to citizens of the United States.

On July 2, 1921, the state of war between the United States and the Imperial German government was terminated by joint resolution, and a treaty of peace signed in Berlin on August 25th following. On July 14, 1921, there was published in the Reichs-Gesetzblatt, in Berlin, an act extending such reciprocal privileges to American citizens until September 3, 1921, the date mentioned in the Nolan Act. It thus appears that German citizens received the benefits of the Nolan Act.

That Germany entertains the same view as does our Patent Office regarding the effect of the treaty of peace with the United States, so far as it relates to patents, is evident from the fact that it has accorded no extension to citizens of the United States beyond September 3, 1921, specified in the Nolan Act. In a decision on German patent No. 259,398, in the Annulment Department of the German Patent Office, reported in Blatt fur Patent-Muster-Und Zeichenwesen for March 31, 1923, p. 33, it was held that the

treaty of peace did not, ipso facto, grant extensions to American citizens. This view was in direct conflict with that urged by appellant here. Although appeal is provided from such a decision to the Appeal Department and thence to the Reichsgericht (Supreme Court at Leipzig), apparently no appeal from this decision was prosecuted, so that it may be assumed that the ruling of the Patent Court was in harmony with the policy of the German government. Appellant, therefore, is here claiming a privilege not granted to American citizens under German laws, and, so far as appears, not claimed by the nationals of any other country.

Substantially the same question here involved was passed upon by this court in Rousseau v. Brown, 21 App. D. C. 73. Rousseau, a citizen of France, relied upon an application filed in France prior to the earliest date established by Brown, and claimed this right under the provisions of the International Convention for the Protection of Industrial Property concluded at Paris on March 20, 1883. The United States, although a party to that convention, had enacted no legislation to effectuate its provisions, and this court said: "The convention is in the nature of a contract between the parties thereto, and is not self-executing. It requires the action of Congress to give it full force and effect. This is the construction that has been placed upon it by most of the parties to it, and they have adopted legislation giving effect to it. * * * But, without regard to the action of other states, the uniform construction of that convention by the Patent Office officials, and by the courts of this country, has been that the convention is not self-executing, but requires the aid of an act of Congress."

In Cameron Septic Tank Co. v. Knoxville, 227 U. S. 39, 33 S. Ct. 209, 57 L. Ed. 407, the Cameron United States application expired on the date of his British patent, unless saved by the Treaty of Brussels. The court ruled that this treaty should be construed in accordance with the declarations of Congress and that it was not self-executing. In concluding its opinion the court said: "If the treaty be construed, as we think it must be construed, in accordance with the declaration of the conference at the instance of the American delegates, it has no application to the Cameron patent. If it be not self-executing, as it is certainly the sense of Congress that it was not, and seems also to be the sense of some of the other contracting nations, and as the act of 1903 did not make effective article 4 bis, the provisions of section 4887 apply to the Cameron patent, and caused it to expire with the British patent for the same invention."

In the present case, it appears that the Congress of the United States and the Patent Offices of this country and of Germany have proceeded upon the theory that the treaty relied upon by appellant is not self-executing, and that this theory is consistent with judicial interpretation of similar treaties. We therefore hold that the Ruling of the Patent Office was right, and accordingly affirm the decision.

Affirmed.