### SEROR et al. v. DICK.

(Court of Appeals of District of Columbia. Submitted November 11, 1924. Decided January 5, 1925.)

No. 1670.

1. Patents ⊕107—Nolan Act, relieving applicants for patents whose applications had become abandoned during war of burden of showing delay unavoidable, held within authority of Congress.

Nolan Act March 3, 1921 (Comp. St. Ann. Supp. 1923, §§ 9431a–9431h), relieving certain applicants whose applications became abandoned during the World War for want of prosecution, under Rev. St. § 4894 (Comp. St. § 9438), of burden of showing to the satisfaction of the Commissioner of Patents that delay was unavoidable, as required by such section 4894, *held* within authority of Congress.

2. Patents ⊕107—Verified representation in application for patent that applicant was citizen of France held prima facie showing in interference proceeding that applicant was entitled to benefits of Nolan Act.

In interference proceeding under Rev. St. § 4904 (Comp. St. § 9449), in which senior party, whose application had been abandoned during the World War, relied on Nolan Act March 3, 1921 (Comp. St. Ann. Supp. 1923, §§ 9431a–9431h), for relief from burden of showing that delay in prosecution of application was unavoidable, verified representation in his application that he was a citizen of France *held* a prima facie showing that he was a citizen of France, and therefore entitled to benefits of such Nolan Act.

Appeal from Commissioner of Patents.

Interference proceeding between Albert Z. Seror and another and Simon Dick. From decisions awarding priority of invention to the latter, the former appeal. Affirmed.

G. E. Waldo, of Chicago, Ill., for appellants.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals awarding priority of invention to the senior party Dick. The nature of the invention is not important here, for reasons that will appear presently. Dick's application, representing him to be a citizen of the republic of France, was filed on October 1, 1913. On July 10, 1915, the Office rejected the claims as drawn, and, Dick failing to make response thereto within one year, the application became abandoned.

Section 2 of the Act of March 3, 1921 (41 Stat. 1313 [Comp. St. Ann. Supp. 1923, § 9431b]), reads as follows: "That the time now fixed by law for the payment of any fee or for the taking of any action with respect to an application for patent, which time had not expired on August 1, 1914, or which commenced after August 1, 1914, is hereby extended until the expiration of one year from the passage of this act, without the payment of extension fees or other penalty in favor of the citizens or subjects of countries which have extended, now extend, or shall extend during a period of one year from the passage of this act substantially reciprocal privileges to citizens of the United States, provided that no extension herein shall confer such privileges on the citizens or subjects of a foreign country for a longer term than the term during which such privileges are conferred by such foreign country on the citizens of the United States, but nothing in this act shall give any right to reopen interference proceedings where final hearing before the examiner of interferences has taken place."

On June 9, 1921, the Commissioner of Patents issued the following General Order No. 2664: "Notice is hereby given that the laws of France are recognized as affording to citizens of the United States privileges substantially reciprocal to the privileges accorded by the Nolan Act of March 3, 1921 (41 Stat. 1313), and that consequently all the privileges specified in said act will be extended to its citizens." Taking advantage of the provisions of the so-called Nolan Act, Dick, on January 27, 1922, filed an amendment, including claims copied from the patent of Seror and Hoyer, appellants herein, whose application was not filed until May 17, 1915, upon which patent issued October 16, 1917. Thereafter, on February 2, 1922, the Law Examiner placed in the Dick application the following: "Reciprocity of the laws of France having been recognized, applicant is entitled to the benefits of the Nolan Act of March 3, 1921 (41 Stat. 1313). By direction of the Commissioner."

Subsequently an interference was declared between the revived Dick application and the Seror and Hoyer patent. The date of conception alleged in the preliminary statement of Seror and Hoyer being subsequent to Dick's original filing date, they were called upon to show cause why judgment on the record should not be entered against them. In their answer they contended themselves with a challenge of the validity of the Nolan Act and the contention that Dick had not established either the fact of his French citizenship or the reciprocity provision of the French law. The Patent Office ruled against them on these questions and awarded priority as of course to Dick.

Under section 4904, R. S. (Comp. St. § 9449), it is made the duty of the Commissioner, when an application is made for a patent which in his opinion "would interfere with any pending application, or with any unexpired patent," to give notice to the applicants or applicant and patentee, as the case may be, and to direct the primary examiner to proceed to determine the question of priority of invention. Every patent is issued subject to these provisions.

Under section 4894, R. S. (Comp. St. § 9438), all applications are required to be completed and prepared for examination within one year after filing, and in default thereof, "or upon failure of the applicant to prosecute the same within one year after any action therein, of which notice shall have been given to the applicant, they shall be regarded as abandoned by the parties thereto, unless it be shown to the satisfaction of the Commissioner of Patents that such delay was unavoidable."

[1] It thus appears that the Nolan Act, in effect, merely relieved certain applicants, whose applications became abandoned during the World War, of the burden of making the showing to the Commissioner of Patents required by this section 4894. Unquestionably Congress had authority to do this. In Stewart v. Kahn, 11 Wall. 493, 20 L. Ed. 176, the court considered the Act of June 11, 1864, c. 118 (13 Stat. 123), "in relation to the limitation of actions in certain cases," and ruled that under it the time which elapsed while the plaintiff could not prosecute his suit by reason of the Civil War, whether before or after the passage of the act, was to be deducted from the operation of the statute of limitations; that the act applied to cases in the courts of the several states as well as those in the federal courts and was constitutional. There the suit was brought on a promissory note, upon which the local statute of limitations had run. The court said: "There is no prohibition in the Constitution against retrospective legislation of this character. We are of the opinion that the meaning of the statute is that the time which elapsed while the plaintiff could not prosecute his suit, by reason of the rebellion, whether before or after the passage of the act, is to be deducted. Considering the evils which existed, the remedy prescribed, the object to be accomplished, and the considerations by which the law-makers were governed—lights which every court must hold up for its guidance when seeking the meaning of a statute which requires construction—we cannot doubt the soundness of the conclusion at which we have arrived."

The present statute, like the act under consideration in the Stewart-Kahn Case, was designed to remedy conditions brought about by a great war, and, as the Supreme Court said of the earlier statute, "it promotes justice and honesty, and has nothing penal or in the nature of confiscation in its character." As already observed, the act under consideration does no more than relieve applicant of the necessity of making the showing required by section 4894.

[2] Upon the passage of the Nolan Act, it became the duty of the Commissioner of Patents to put its provisions into operation —that is, to administer it—and, the Commissioner having determined that the laws of France were reciprocal, it was unnecessary for Dick to make any showing as to the character of the French law. As to the fact of citizenship, Dick in his application represented himself to be a citizen of France, and that representation was verified. We therefore agree with the Patent Office that this constituted a prima facie showing, which has not been overcome.

The decision is affirmed.

Affirmed.