### In re JOLLENBECK.

(Court of Appeals of District of Columbia. Submitted January 14, 1926. Decided March 1, 1926.)

No. 1807.

1. Patents ⟨key⟩97.

Nolan Act (Comp. St. Ann. Supp. 1923, §§ 9431a–9431h), being remedial, should be construed liberally, to effect legislative purpose.

2. Patents ⟨key⟩97—German citizen's application for patent held an "application," within Nolan Act, and applicant entitled to same filing date as German application, on compliance with act (Nolan Act, § 1 [Comp. St. Ann. Supp. 1923, § 9431a]; Rev. St. § 4887 [Comp. St. § 9431]).

German citizen's application for patent, though incomplete for want of oath of applicant, held nevertheless an "application," within, Nolan Act, § 1 (Comp. St. Ann. Supp. 1923, § 9431a), and applicant, on filing of duly authenticated oath within year following passage of that act, entitled under Rev. St. § 4887 (Comp. St. § 9431), to filing date same as filing date of German application.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Application.]

Appeal from Commissioner of Patents.

In the matter of the application of Edward Jollenbeck for patent. From a decision of the Commissioner of Patents, rejecting application, applicant appeals. Reversed.

H. C. Robb, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents, rejecting appellant's application for a patent, upon the ground that his claims were anticipated by a British patent to Schuch, and a French patent to Hoffman, both assignees of appellant, covering the same invention. The Commissioner held that the applications for the foreign patents had been filed more than 12 months prior to the filing of appellant's application in this country, and accordingly that his application should be refused under section 4887, Rev. St. (Comp. St. § 9431).

The appellant claimed that on August 24, 1916, he had filed an application for a patent in Germany for the same invention, and that under section 4887, R. S., he was entitled to that filing date in case he filed a similar application in this country within 12 months after the date of the German application. He claimed that the limitation of 12 months was afterwards extended by the Nolan Act (41 Stat. 1313 [Comp. St. Ann. Supp. 1923, §§ 9431a–9431h]), so that said priority of filing date was allowed in case his application was filed in this country at any time prior to the expiration of 6 months after the passage of that act. Appellant claimed that his present application was filed within that period, to wit, on June 26, 1920; the Nolan Act having been approved on March 3, 1921. Appellant accordingly claimed that he was entitled to a filing date of August 24, 1916, and that his application should not be refused because of the subsequent issue of patents ·to his assignees in Great Britian and France. The Commissioner overruled this contention; hence this appeal.

It appears that on August 24, 1916, the appellant, a German subject, filed an application in Germany in the name of his assignee, Schuch, for a patent upon this invention. A corresponding application was filed in the same name in Great Britain on April 26, 1920, upon which a patent was issued on July 26, 1921. A similar application was filed in the name of Hoffman, another assignee of appellant, in France, on November 7, 1919, a patent issuing on May 15, 1920. Afterwards, to wit, on June 26, 1920, appellant filed an application in his own name in the United States Patent Office, covering the same invention. The application was complete in every particular, except that the formal oath, although signed by appellant, was not sworn to by him.

An affidavit by the appointed attorney, however, was filed with the application, alleging that·the statements of the applicant were true, and that his failure to make oath thereto was due to the fact that at that time there was no consular officer of the United States available who was authorized to administer such oaths. It appears from the record that, for a certain period ending with June 15, 1920, it was the practice of the Patent Office to accept applications verified by the attorney instead of the applicant, but the practice was discontinued after that date. Inasmuch as this application was filed 11 days after this change of practice, the Commissioner of Patents held it to be incomplete for want of an oath by the applicant, and at once gave notice that it would not be given a filing date until an oath, properly signed and executed, had been filed. No other oath was filed within the ensuing year, whereupon the application was regarded as abandoned, and the papers were sent to the abandoned files.

On March 3, 1921, the Nolan Act was passed, entitled "An act to extend temporarily the time for filing applications for letters patent, for taking actions in the United States Patent Office with respect thereto, for the reviving and reinstatement of applications for letters patent, and ·for other purposes." ·The act first provided "that the rights of priority provided by section 4887 of the Revised Statutes, for the filing of applications for patent for inventions and designs, which rights had not expired on the 1st day of August, 1914, or which rights have arisen since the 1st day of August, 1914, shall be, and the same are hereby, extended until the expiration of a period of six months from the passage of this act."

By section· 2 of the same act it was provided "that the time now fixed by law for the payment of any fee or for the taking of any action with respect to an application for patent, which time had not expired on

August 1, 1914, or which commenced after August 1, 1914, is hereby extended until the expiration of one year from the passage of this act, without the payment of extension fees or other penalty." These privileges were in terms limited to citizens of the United States or citizens of other countries extending reciprocal privileges to citizens of this country.

Upon a day falling within the year next following the passage of the Nolan Act, to wit, on February 3, 1922, appellant filed with the office a duly authenticated oath, together with a verbatim copy of the papers theretofore filed on June 26, 1920, the drawing and fee being transferred from the former files, and claimed a reinstatement of his application and the granting of a patent under the foregoing provisions of the act.

The Commissioner, however, held that the papers filed by appellant on June 26, 1920, owing to the informal affidavit, did not constitute an "application," within the sense of the Nolan Act, and therefore that the filing upon that date was not aided by section 1 of the act. The Commissioner also held that the subsequent filing of the formal affidavit on February 3, 1922, did not avail appellant under the Nolan Act, since the application thereby completed would be given that date, to wit, February 3, 1922, as a filing date, which would be more than 12 months later than the filing dates of the British and French patents of Schuch and Hoffman. The Commissioner accordingly rejected appellant's application.

[1, 2] We think this ruling erroneous. In our opinion, the papers filed by appellant on June 26, 1920, constituted an "application" within the purview of section 1 of the Nolan Act, notwithstanding the informality of the affidavit. The act was remedial in character, and should be liberally construed, with a view to effectuating its legislative purpose. That purpose manifestly was to afford relief to foreign inventors applying for patents in this country, and correspondingly to inventors in this country applying for patents abroad, who were prevented by conditions prevailing during war times, and thereafter, from seasonably filing applications for patents, or completing or proceeding with applications already filed.

Full relief could be afforded only by extending the time for the filing and completing of such applications without prejudice to the applicant because of the delay. The term "applications," accordingly, was employed in the act in a peculiarly broad and comprehensive sense. For example, section 4 of the act provides for certain "applications for patent," in which the petition, specification, and oath were all executed by agents of the inventor; section 5 provides for certain "applications for patent," in which the oath was executed before officers not qualified to administer such oaths.

We therefore conclude that the provisions of section 1 of the act relating to "applications for patent" apply to appellant's filing of June 26, 1920, notwithstanding the requirement of the formal oath, which was filed on February 3, 1922. Accordingly, by force of the provisions of section 1 of the Nolan Act, appellant's application became entitled to the same filing date as the German application, and thus avoided the bar of the British and French patents issued to appellant's assignees.

It may be added that according to the record Germany has extended to citizens of the United States reciprocal privileges substantially similar to those claimed by appellant herein, and that these have been applied by the German authorities consistently with appellant's contentions in this case.

The decision of the Commissioner of Patents, rejecting appellant's application, is reversed.