## GIESLER v. MOULET.

## MOULET v. GIESLER.

(Court of Appeals of District of Columbia. Submitted January 11, 1926. Decided April 5, 1926.)

Nos. 1794, 1795.

1. Patents ⚖➔97—Nolan Act held operative in favor of French citizen against citizen of United States, who before its passage had made bona fide application (Act March 3, 1921, extending Rev. St. § 4887 [Comp. St. Ann. Supp. 1923, § 9431a et seq.]).

Under Nolan Law, extending Rev. St. § 4887 (Comp. St. Ann. Supp. 1923, § 9431a et seq.), French citizen *held* entitled to filing date same as date of his application for patent in France, as against citizen of United States who, before passage of the act, had made a bona fide conflicting application.

2. Patents ⚖➔91(4).

Party to interference proceeding *held* entitled to priority of invention for fuel pump for internal combustion engines having elastic or resilient wall.

Appeal from Commissioner of Patents.

Interference proceeding between Jean V. Giesler and J. L. L. A. A. Moulet. From a decision of the Commissioner of Patents, awarding each party priority as to certain counts, both parties appeal. Reversed, with directions to allow priority as to all counts to Moulet.

W. B. Kerkam and L. H. Sutton, both of Washington, D. C., for Giesler.

E. C. Seward, of New York City, for Moulet.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. The invention involved in this interference is a pump designed for use in internal combustion engines, to pump the gasoline or other liquid fuel from the supply tank to the carbureter, with a pressure automatically regulated by the speed of the engine. The pumping member is fastened in a casing located between the tank and the carbureter, and connected with each by a feed pipe; it is a collapsible and expansible construction shaped like an accordion. The engine, when running, operates a cam and yoke, which first contract the pumping member for the suction stroke, and then release it, whereupon the member expands by force of a spiral spring, aided by the elasticity or resiliency of its own walls, thus making the expulsion stroke.

The issue is framed in 42 counts, of which the following are illustrative:

"1. In a fuel-feeding system for engines, the combination of a pump casing operatively connected to the source of fuel and the fuel-consuming elements of the engine, a flexible pumping member in said casing, means to positively flex said member to provide a suction stroke, and resilient means coacting with said member in producing its pressure stroke."

"27. In a fuel-feeding system for engines, the combination of a pump casing operatively connected to the source of fuel and the fuel-consuming elements of the engine, a resilient expansible and collapsible wall in said casing, and means to positively actuate said wall in one direction to provide a suction stroke, said wall moving in the opposite direction by the force of resiliency to provide a pressure stroke."

"34. A gasoline pump, comprising in combination an outer casing, an inlet valve, and an outlet valve on said casing, an inner collapsible and elastic envelope of the accordion type secured to the outer casing by a liquid-tight joint, a sliding rod secured to the inner collapsible envelope, motor-operated means adapted to act upon said sliding rod at a point intermediate its length for periodically moving said rod in one direction, separate hand controlled means adapted to act upon the free end of said rod for moving said rod in the same direction, a member secured to the outer casing and a compression spring located within the inner collapsible envelope and interposed between the latter and said member."

The Examiner of Interferences awarded all the counts to Moulet, but the Examiner in Chief and the Commissioner of Patents reversed this decision in part, awarding to Moulet counts 1 to 24, together with counts 29, 30, and 34, and awarding the remaining 15 counts to Giesler. Each party has appealed.

The interference involves two applications of Moulet; the first containing counts 1 to 24 was filed July 9, 1918, the second, containing counts 25 to 42, was filed April 15, 1919. Giesler's application, involving both of these, was filed July 16, 1920. Moulet accordingly is the senior party upon the record; Giesler, however, claims conception and reduction to practice in June, 1918.

It appears that Moulet is a French citizen, and that on June 4, 1917, he filed an ap-

plication in France, and on March 24, 1919, he filed a second application there, corresponding severally to his two applications filed in this country as aforesaid. He claims that under section 4887, Rev. St., as extended by the Nolan Law (Act March 3, 1921 [Comp. St. Ann. Supp. 1923, § 9431a et seq.]) he is entitled to his French filing date, to wit, June 4, 1917, as his filing date in this country, which is earlier than the time of conception and disclosure claimed by Giesler. The latter contests this application of the Nolan Law, contending that under the provisions of that act it is not operative to affect the right of any citizen of the United States, who before its passage was bona fide in possession of any patent or application therefor conflicting with the patent or application granted or validated by reason of the extension claimed under the act. Giesler claimed, therefore, that Moulet was not entitled to the benefit of the Nolan Law, since his own application was filed before the passage of the act, and consequently that Moulet was not entitled to the French filing date, since it was more than 12 months prior to the filing date in this country.

[1] This contention was overruled by all of the tribunals of the Patent Office, and we agree with their decision upon that subject. As authority for this conclusion we need only cite the decisions of this court in Seror & Hoyer v. Dick, 3 F.(2d) 92, 55 App. D. C. 151, and Kling v. Haring (Patent Appeal 1739) 11 F.(2d) 202, —— App. D. C. ——, handed down February 1, 1926.

[2] The allowance by the Examiners in Chief and the Commissioner of Patents of Giesler's 15 claims as aforesaid rests upon the interpretation that in the disclosure of the Giesler application the wall of the pumping member is shown to be "resilient," whereas in Moulet's first application it is shown to be "flexible" only, and not resilient or elastic. Accordingly priority was awarded to Giesler upon the 15 claims, which were alleged to be the only ones including resiliency.

We think that this interpretation was erroneous, for in our opinion Moulet's first application sufficiently disclosed that the wall of the pumping member was elastic or resilient, as well as flexible. In fact, any material flexible enough to pump gasoline by means of compression and expansion strokes, as designed by this invention, must necessarily possess resiliency in a greater or less degree. as well as flexibility. This conclusion is not negatived by Moulet's second application.

We hold, therefore, that Moulet is entitled to priority as to all of the 42 counts involved in the interference. Accordingly the decision of the Commissioner of Patents in appeal No. 1794 is affirmed, and that in appeal No. 1795 is reversed, with directions as aforesaid to allow all of the claims to Moulet.