## SCALIONE v. BOSCH et al.

(Court of Appeals of District of Columbia. Submitted March 8, 1926. Decided April 5, 1926.)

### No. 1824.

**1. Patents ☞97.**

Verified application for patent, wherein applicant represented himself to be a citizen of a foreign country, *held* sufficient proof of that fact, under Nolan Act (Comp. St. Ann. Supp. 1923, §§ 9431a–9431h).

**2. Patents ☞97—Proof that foreign country extended rights reciprocal to those granted by Nolan Act, in addition to Commissioner's determination, held unnecessary (Comp. St. Ann. Supp. 1923, §§ 9431a–9431h).**

Commissioner of Patents having determined, in administering Nolan Act (Comp. St. Ann. Supp. 1923, §§ 9431–9431h), that laws of Germany extend reciprocal privileges to American citizens, further proof of that fact by one claiming benefit of Nolan Act is unnecessary.

**3. Patents ☞97—United States citizen, filing application before passage of Nolan Act, held not entitled to patent as against foreign applicant, who was prior inventor and entitled to benefits of the act (Nolan Act, §§ 1, 3 [Comp. St. Ann. Supp. 1923, §§ 9431a, 9431c]).**

Citizen of United States, filing application before passage of Nolan Act, is not by reason of sections 1 and 3 (Comp. St. Ann. Supp. 1923, §§ 9431a, 9431c), relating to rights accruing before passage of the act, entitled to patent as against a foreign applicant, otherwise entitled to priority under the act.

Appeal from the Commissioner of Patents.

Interference proceeding between Charles C. Scalione and Carl Bosch and Heinrich Heimann. From the decision of the Commissioner of Patents, awarding priority to Carl Bosch, Charles C. Scalione alone appeals. Affirmed.

H. E. Knight and H. C. Workman, both of Washington, D. C., for appellant.

W. E. Warland, of New York City, for appellee Bosch.

J. L. Norris, of Washington, D. C., for appellee Heimann.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding, awarding priority of invention to the party Bosch, as against the parties Scalione and Heimann. Heimann took no appeal.

The invention is a process of producing a compound nondeliquescent fertilizer, consisting in mixing together ammonium nitrate and an alkali metal chloride in about equivalent proportions in the presence of water. [1] Given the benefit of his German application, Bosch is entitled to a date for constructive reduction to practice prior to any date claimed by Scalione. Two of the contentions of Scalione, namely, that Bosch has introduced no testimony as to his German citizenship, and that there is no proof, under the Nolan Act (Comp. St. Ann. Supp. 1923, §§ 9431a–9431h) that Germany extends reciprocal privileges to American citizens, were fully answered in Seror et al. v. Dick, 55 App. D. C. 151, 3 F.(2d) 92. There, as here, the applicant, seeking the benefit of the Nolan Act, represented himself to be a citizen of the foreign country in which his application first was filed, and the representation was verified.

[2] As to the other question, we ruled that, upon the passage of the Nolan Act, it became the duty of the Commissioner of Patents to administer it, and, the Commissioner having determined that the laws of France were reciprocal (as he here has determined with respect to the laws of Germany), no further showing was necessary as to the character of the foreign law.

[3] There is a further contention made in this case, however, which was not specifically passed upon in Seror v. Dick. This contention is based upon certain provisions in the first and third sections of the Nolan Act (41 Stat. 1313 [Comp. St. Ann. Supp. 1923, §§ 9431a, 9431c]); section 1, providing that the extension authorized by the act shall furnish no basis of a claim against the government of the United States and shall in no way affect the right of any citizen of the United States who, before the passage of the act, was bona fide "in possession of any rights in patents or applications for patent conflicting with rights in patents granted or validated by reason of such extension, to exercise such rights by itself or himself personally, or by such agents, or licensees, as derived their rights from it, or him, before the passage of this act, and such persons shall not be amenable to any action for infringement of any patent granted or validated by reason of such extension." Section 3 contains a similar provision as to the right of a citizen of the United States, or his agent or agents, or his successor in business, to continue any manufacture, use or sale commenced before the passage of the act, notwithstanding the grant of a patent by reason of the extension provisions in that act.

Scalione's contention, as we understand it, is that, since his application was filed prior to the passage of the Nolan Act, the patent should be granted to him. As observed by the Patent Office, were this contention upheld, the Nolan Act would be practically a nullity. In our view, the provisions relied upon confer certain rights upon citizens of the United States, under specified conditions, as against the holder of a patent granted or validated by reason of the extensions provided in the act. For example, where a manufacturer in good faith, before the passage of the act, had established a business, and subsequently a patent was granted to another by reason of the extension provisions of the act, the manufacturer, his agent or successor in business, should not be liable to a suit for infringement by reason of continued manufacture and sale. In other words, under the act a patent is to be issued to the prior inventor, subject, however, to the rights of citizens of the United States, carefully defined in the act. With the precise limitation of those rights we are not here concerned.

The decision is affirmed.

Affirmed.