## OWEN v. HEIMANN. *

(Court of Appeals of District of Columbia.
Submitted November 10, 1925. Decided
April 5, 1926.)

### No. 1758.

1. **Constitutional law** ⊜=93(1)—**Patentee has
no property right of which he cannot be di-
vested by interference proceedings or suit in
equity under statute (Rev. St. § 4904 [Comp.
St. § 9449]; Rev. St. § 4915 [Comp. St. §
9460]).**

Every patentee takes his patent with knowl-
edge that his claim to priority may be attacked
in manner provided by law, and acquires no
property right of which he cannot be divested
by interference proceedings, under Rev. St.
§ 4904 (Comp. St. § 9449), or by suit in equity,
under Rev. St. § 4915 (Comp. St. § 9460).

2. **Patents** ⊜=1.

Right to patent is purely statutory, with
full power in Congress to prescribe on whom
and on what terms patent shall issue.

3. **Patents** ⊜=97—**Proof that privileges recip-
rocal to those extended by Nolan Act are ex-
tended to American citizens by German laws
held unnecessary, in view of formal order
of Commissioner of Patents, No. 2703, de-
claring it to be a fact (Comp. St. Ann. Supp.
1923, §§ 9431a–9431h).**

German Foreign Office having certified
German patent laws to United States Patent
Office, and Commissioner of Patents having
declared by formal order, No. 2703, that privi-
leges reciprocal to those extended by Nolan
Act (Comp. St. Ann. Supp. 1923, §§ 9431a–
9431h) are extended to American citizens by
German laws, no further proof of such fact
is necessary by foreign applicant, claiming bene-
fit of the act.

4. **Patents** ⊜=97—**Proof of German citizen-
ship of applicant for patent, claiming benefit
of Nolan Act, by attached oath and reference
to prior application, held sufficient in interfer-
ence proceeding (Comp. St. Ann. Supp. 1923,
§§ 9431a–9431h).**

Proof of German citizenship of applicant
for patent, claiming benefit of Nolan Act
(Comp. St. Ann. Supp. 1923, §§ 9431a–9431h),
consisting of oath attached to application and
reference to prior application, held sufficient in
interference proceeding.

Appeal from the Commissioner of Pat-
ents.

Interference proceeding between Wil-
liam Walter Owen and George Heimann.
From a decision of the Commissioner of Pat-
ents, awarding priority to the latter, the for-
mer appeals. Affirmed.

W. A. Scott and C. M. Candy, both of
Chicago, Ill., for appellant.

Hans V. Briesen and Paul Kolisch, both
of New York City, for appellee.

Before MARTIN, Chief Justice, ROBB,
Associate Justice. and SMITH, Judge of

*Certiorari denied 46 S. Ct. 637, 70 L. Ed. —.

the United States Court of Customs Ap-
peals.

SMITH, Acting Associate Justice.
George Heimann, on the 30th of December,
1913, filed an application in Austria for a
patent for a semiautomatic or automatic
graded service telephone exchange system
and telephone substation with graded service
facilities. On the 7th of January, 1914,
Heimann filed an application in Great Brit-
ain to secure a patent for the same inven-
tion, and on that application a patent was is-
sued, known as No. 450 of 1914.

On May 7, 1917, William Walter Owen
filed an application in the United States Pat-
ent Office, praying for a patent to new and
useful improvements in "measured service
telephone systems." Owen's application was
granted, and letters patent were issued to
him by the Patent Office on October 26, 1920.

On the 16th of August, 1921, Elsie
Hecht, formerly Heimann, administratrix of
the estate of George Heimann, deceased, of
Berlin, Germany, filed an application in the
Patent Office of the United States in behalf
of the estate for letters patent for a semi-
automatic or automatic graded service tele-
phone system, claim 29 of which, as amend-
ed, corresponded to claim 26 of the patent
issued to Owen. Because those claims were
substantially the same, and substantially
claimed the same invention, an interference
was declared on the 3d of August, 1922.

On the ground that Owen's filing date
and consequent constructive reduction to
practice was subsequent to December 30,
1913, the date of George Heimann's Aus-
trian application and the date of his con-
structive reduction to practice, a motion was
made on October 18, 1922, by the applicant,
Elsie Hecht, formerly Heimann, to shift the
burden of proof to Owen, the senior party.
As it appeared from Owen's preliminary
statement that he conceived the subject-mat-
ter of the count in interference on or about
January 31, 1917, and that the invention was
constructively reduced to practice on the 7th
of May, 1917, the date of filng his applica-
tion, the motion was granted. Owen declin-
ed to assume the burden of proof imposed
upon him by that ruling, and, having failed
to make any showing why a judgment on the
record should not be entered against him,
priority of invention of the subject-matter
in issue was awarded by the Examiner of In-
terferences to the administratrix of the es-
tate of George Heimann, deceased. The
Board of Examiners in Chief affirmed the

decision of the Examiner of Interferences, and the Board's decision was affirmed by the Commissioner. From the Commissioner's decision this appeal was taken.

The appellant in support of his appeal contends (1) that the German citizenship of Heimann was not proven; (2) that no evidence was submitted to the tribunals of the Patent Office, proving or tending to prove, that the German empire or the German republic granted to American citizens rights and privileges substantially the same as those accorded by the Nolan Act; (3) that the Nolan Act did not intend to make, and by its terms did not make, the date of the filing of Heimann's Austrian application effective as Heimann's date of invention in the United States; and (4) that to construe the Nolan Act so as to make the date of Heimann's Austrian application effective in the United States as Heimann's date of invention, would render the act unconstitutional.

The motion to shift the burden of proof alleged that George Heimann and Elsie Hecht, administratrix of his estate, were German citizens. Elsie Hecht's application for a patent and the oath attached thereto filed in the United States Patent Office alleged that she was at the time of filing the application a citizen of the German republic. Her application also averred that George Heimann was at the time of his death a citizen of Germany, and as evidence of his citizenship referred to United States patent No. 1,341,801, the application for which filed by George Heimann on August 28, 1913, recited that he was a subject of the German emperor, residing at Charlottenburg, Berlin, Germany.

[1, 2] The issuance to Owen of a patent by the Patent Office vested in him no property right, of which he could not be deprived by the interference proceedings provided for by section 4904 of the Revised Statutes (Comp. St. § 9449), or by the suit in equity contemplated by section 4915 of the Revised Statutes (Comp. St. § 9460). The right to a patent is purely statutory and Congress has full power to prescribe to whom and upon what terms and conditions a patent shall issue. Every patentee takes his patent with full knowledge that his claim to priority of invention may be attacked in the manner provided by law and that if it be successfully assailed, his patent is rendered worthless without leaving any ground for complaint that his constitutional rights have been invaded. Seror et al. v. Dick, 55 App. D. C. 151, 152, 3 F.(2d) 92; Kling v. Haring, —— App. D. C. ——, 11 F.(2d) 202 (Patent Appeal No. 1739, decided Feb. 1, 1926); Stewart v. Kahn, 11 Wall. 493, 506, 20 L. Ed. 176.

[3] The German patent laws were certified by the German Foreign Office to the United States Patent Office, and the Commissioner of Patents by formal order announced that they accorded to American citizens privileges substantially reciprocal to the privileges granted by the Nolan Act (Comp. St. Ann. Supp. 1923, §§ 9431a–9431h), and that consequently the privileges of the Nolan Act should be extended to German citizens. Commissioner's Order 2703, 291 O. G. 677. The German patent laws certified by the German office were part of the records of the United States Patent Office, and as they were recognized by an official order, which made it obligatory on patent officials to extend the privileges of the Nolan Act to German citizens, the tribunals of the Patent Office had the right to take judicial notice of such laws, in the same way as judicial notice is taken of other records of the office. In re Appeals of Drawbaugh, 9 App. D. C. 219, 242, 256, 257, 258; Cain v. Park, 14 App. D. C. 42, 45, 46; Seror v. Dick, supra, 55 App. D. C. at page 152, 3 F.(2d) 92; Scalione v. Bosch et al., —— App. D. C. ——, 12 F.(2d) 171, patent appeal 1824, decided concurrently herewith.

[4] The evidence as to the German citizenship of the applicant and of the inventor, Heimann, may not have been the best evidence, but it was certainly sufficient to establish German citizenship, in the absence of any objection to its competency, and in view of the fact that the opposition to the motion was based on other grounds. See Seror et al. v. Dick, supra, 55 App. D. C. at page 152, 3 F.(2d) 92. We are of the opinion that the German citizenship of the appellee and of George Heimann must, under the circumstances, be taken as established prima facie.

The decision appealed from is affirmed.