## LAMB et al. v. GUILLEMARD.

(Court of Appeals of District of Columbia. Submitted March 9, 1926. Decided April 5, 1926.)

No. 1838.

1. Patents ⊜97—Foreign applicant held entitled to benefit of Nolan Act, though patent was issued to American citizen before passage of the act (Nolan Act [Comp. St. Ann. Supp. 1923, §§ 9431a–9431h]; Rev. St. § 4887 [Comp. St. § 9431]).

Foreign applicant *held* entitled to benefit of Nolan Act (Comp. St. Ann. Supp. 1923, §§ 9431a–9431h), amending Rev. St. § 4887 (Comp. St. § 9431), though patent covering invention was granted to American citizen before passage of that act.

2. Patents ⊜97—Exception in Nolan Act held not to exclude from benefits of act French inventor, seeking patent covering invention patented by American citizen before passage of the act (Nolan Act [Comp. St. Ann. Supp. 1923, §§ 9431a–9431h]; Rev. St. § 4887 [Comp. St. § 9431]).

Nolan Act, approved March 3, 1921 (Comp. St. Ann. Supp. 1923, §§ 9431a–9431h), extending rights of priority provided by Rev. St. § 4887 (Comp. St. § 9431), in favor of foreign applicants but declaring that such extension should not furnish basis of claim against government, and should not affect rights of any American citizen who was in bona fide possession of any right in patents or applications before passage of the act, *held* not to exclude from its benefits French inventor seeking patent covering invention, patented by American citizen before passage of the act.

Appeal from the Commissioner of Patents.

Interference proceeding between Arthur B. Lamb and another and Henry Guillemard. From a decision of the Commissioner of Patents, awarding priority to the latter, the former appeal. Affirmed.

H. E. Knight and H. C. Workman, both of Washington, D. C., for appellants.

C. S. Grindle, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal taken in an interference proceeding, relating to an invention of a certain chemical mixture or compound designed for use in a respiratory apparatus for protection against deleterious gases. The interference involves an application of Guillemard, filed May 14, 1920, and a patent granted to Lamb and Hoover on November 4, 1919, on an application filed by them on December 28, 1918 Guillemard, who is a French citizen, claimed that he had filed an application for a corresponding patent in France on October 3, 1917, and that under section 4887, Rev. St. (Comp. St. § 9431), and the Nolan Act (41 Stat. 1313 [Comp. St. Ann. Supp. 1923, §§ 9431a–9431h]), he was entitled to the same filing date for his present application. He stated, also, that a patent had been issued upon his French application on September 1, 1920. This claim was contested by Lamb and Hoover, in respect both to its statements of fact and its construction of the statutes.

Guillemard introduced certain French certificates as proof of his alleged foreign application and the identity of that invention with this. Lamb and Hoover charged that the certificates were insufficient and incompetent to sustain Guillemard's claim, citing Guettler v. Alfsen, 53 App. D. C. 215, 289 F. 613. This objection was overruled, but afterwards, by leave duly had, Guillemard filed substituted certificates of the French Patent Office, which, together with his present application, were rightly held to be sufficient proof of his allegations concerning his French application. The Law Examiner held that under section 4887, Rev. St., and the Nolan Act, Guillemard's American application was entitled to the same filing date as his French application, to wit, October 3, 1917, thus constituting him the senior party. Accordingly the burden of proof was shifted to Lamb and Hoover. The Commissioner of Patents denied a petition addressed to his supervisory authority to reverse this ruling.

Lamb and Hoover introduced no testimony in the proceeding, but rested upon the record. Whereupon the Examiner of Interferences awarded priority of invention to Guillemard, and this decision was affirmed by the Examiners in Chief, whose decision in turn was affirmed by the Commissioner of Patents. This appeal was then taken by Lamb and Hoover, chiefly upon the ground that Guillemard is not entitled to the benefit of the Nolan Act, and that the proofs of the French application are incompetent and insufficient.

It is provided, inter alia, by section 4887, Rev. St., that no person otherwise entitled thereto shall be debarred from receiving a patent for his invention, nor shall any patent be declared invalid by reason of its having been first patented by the inventor in a foreign country, unless the application for the foreign patent was filed more than 12 months prior to the filing of the application

in this country, in which case no patent shall be granted in this country, and that an application for a patent for an invention filed in this country by any person who has previously regularly filed an application for a patent for the same invention in a foreign country which affords similar privileges to citizens of the United States shall have the same force and effect as the same application would have if filed in this country on the date on which the application for the patent for the same invention was first filed in the foreign country, provided the application in this country is filed within 12 months from the earliest date on which any such foreign application was filed.

It is provided, inter alia, by the Nolan Act, approved March 3, 1921, that the rights of priority provided by section 4887, Rev. St., supra, for the filing of applications for a patent for invention, which rights had not expired on August 1, 1914, or have arisen since that day, shall be and they are extended until the expiration of 6 months from the passage of this act in favor of the citizens of the United States or subjects of all countries which have extended, or now extend, or within said period of six months shall extend, substantially similar privileges to citizens of the United States, and such extension shall apply to applications upon which patents have been granted, as well as to applications now pending or filed within the period herein, provided that such extension shall in no way furnish a basis of claim against the government of the United States, and shall in no way affect the right of any citizen of the United States, who, before the passage of this act, was bona fide in possession of any right in patents or application for patent conflicting with rights in patents granted or validated by reason of such extension, to exercise such rights by itself or himself personally, or by such agents, or licensees, as derived their rights from it or him, before the passage of this act, and such persons shall not be amenable to any action for infringement of any patent granted or validated by reason of such extension, and that no patent granted or validated by reason of such extension shall abridge or otherwise affect the right of any citizen of the United States, or his agents or successors in business, to continue any manufacture, use, or sale commenced before the passage of this act by such citizen, nor shall the continued manufacture, use, or sale by such citi-zen or the use or sale of the devices resulting from such manufacture or use constitute an infringement.

[1] The appellants contend that Guillemard is barred from the grant of a patent by reason of section 4887, Rev. St., and this contention is correct, if Guillemard's application is denied the benefit of the Nolan Act. Appellants contend that the application has no standing under the Nolan Act, because appellants' patent was granted and vested before that act was passed. This contention cannot be sustained.

"The contention that Kling had a vested right in his patent, which could not be affected by changing the laws in force at the time the patent was issued, is not well founded. The mere issuance of a patent by the Patent Office does not conclusively and finally determine the rights under the patent. After a patent is issued, any person claiming to be the prior inventor may file his application for the patented invention, and it is the duty of the Patent Office to determine the question of priority of invention in appropriate interference proceedings. After hearing the parties in such proceedings, the Patent Office may adjudge that a subsequent applicant is the prior inventor and issue to him a patent if the proven facts warrant that conclusion. R. S. § 4904 (Comp. St. § 9449)." Smith, J., in Kling v. Haring, 56 App. D. C. ——, 11 F. (2d) 202, decision handed down February 1, 1926.

See, also, Seror v. Dick, 55 App. D. C. 151, 3 F.(2d) 92, and William Walter Owen v. George Heimann, 56 App. D. C. ——, 12 F.(2d) 173, decision handed down concurrently herewith.

[2] Appellants' contention, that the proviso in the Nolan Act, supra, excepts Guillemard from its provisions, is also untenable. The granting of a patent to Guillemard would not in fact or law furnish him a basis of claim against the Government of the United States, nor affect the rights of Lamb and Hoover, coming within the terms and definitions of the proviso. In answer to other contentions of appellants, we may say that France has granted reciprocal rights to American citizens corresponding with the provisions of the Nolan Act. 287 O. G. p. 1. The record discloses, also, Guillemard's French citizenship, his French application, and his identity with the French applicant.

The decision of the Commissioner of Patents is affirmed.