## CHEMICAL FOUNDATION, Inc., v. GENERAL ANILINE WORKS, Inc.

### No. 998.

District Court, D. Delaware.
July 7, 1937.

William G. Mahaffy, of Wilmington, Del., Drury W. Cooper (of Cooper, Kerr & Dunham) and Seward Davis, both of New York City, for plaintiff.

James M. Malloy, of Wilmington, Del., and George F. Scull and Charles W. Mortimer (of Gifford, Scull & Burgess), both of New York City, for defendant.

NIELDS, District Judge.

This is a suit in equity to charge defendant as constructive trustee of the title to Herz United States patents No. 1,637,023 and No. 1,699,432 and a divisional application No. 192,780 for the benefit of plaintiff. The relief sought is the transfer of the title to these patents by defendant to plaintiff. In its amended bill of complaint plaintiff avers:

"Tenth: On information and belief, that thereafter, and on or about August 2, 1918, the said Richard Herz filed or caused to be filed, an application for letters-patent, Serial No. 248,015, entitled 'Improvement in Manufacture of New Substances containing Sulfur and of new Sulfur Dyestuffs', which said application was alleged to be filed as a division of his abandoned application Serial No. 13,944, aforesaid; and which divisional application was in the words and language of said abandoned application and described and claimed the invention of said abandoned application No. 13,944. That thereafter, and on or about March 22, 1919, the Alien Property Custodian did duly determine the said Herz to be an enemy of the United States, and that the said application and every right, title and interest therein with respect thereto belonged to, or was held for, or on account of, or on behalf of, or for the benefit of, said enemy, Richard Herz, and that the persons having custody or control of said application for letters patent were his attorney, Edmond Congar Brown, and the Commissioner of Patents; and thereupon the said Alien Property Custodian did duly demand and seize said application and every right, title and interest with respect thereto; which said demand was duly served on or about March 22, 1919, upon said Edmond Congar Brown, who admitted service thereof as attorney for said Herz, which demand was likewise served upon the Commissioner of Patents on said date and thereafter duly recorded on the 26th day of March, 1919, in Liber V–106, at page 385, of Transfers of Patents, all as by the Trading with the Enemy Act, as amended [50 U.S.C.A. Appendix § 1 et seq.] in such case made and provided. That thereafter, and on or about the 10th day of April, 1919, said Alien Property Custodian duly sold, assigned and transferred to plaintiff herein the said application of said Herz for letters-patent Serial No. 248,015, together with all other rights therein and thereunder acquired by said Custodian, by an instrument in writing duly recorded in the United States Patent Office, in Liber Y–107, at page 143, of Transfers of Patents. That by virtue of the premises, said application Serial No. 248,015, and all right, title and interest therein and thereunder, including the inventions set forth, described and claimed therein, became the sole and exclusive property of this plaintiff. That this plaintiff did prosecute the said application in the Patent Office to the point of allowability of patent thereon, and was notified accordingly by action of the Patent Office dated July 13, 1923, subject however to the requirement of said Office that papers properly signed by applicant Herz be filed within one year from that date. That said Herz, upon written request of this plaintiff that he sign said papers, did refuse in writing so to do. That by reason of such refusal, said application No. 248,015 became forfeit on July 23, 1924, whereby this plaintiff was deprived of the right to a patent for the invention disclosed and claimed therein and as in said previously abandoned application No. 13,944 described and claimed."

"Fourteenth: That by the demand and seizure by the Alien Property Custodian of the enemy-owned property as hereinbefore recited, and the subsequent sale and assignment thereof by him to this plaintiff, all beneficial interest in, and all right, title and interest in and to the inventions disclosed in and by said Herz abandoned ap-

plication No. 13,944, and by application No. 248,015, became the property of and the title thereto vested in, this plaintiff, of which due notice was given the public by the due and proper recording of the instruments of demand, seizure and transfer, as hereinbefore at length set forth."

By its answer defendant denies the averments in the paragraphs of the amended complaint above recited.

Richard Herz, a German, invented a "new substance" produced by a one-step reaction of disulfurdichloride on an aromatic amine. This was a basic invention. The new substance is a dye. For this invention Herz applied for a German patent in April and July, 1914; for a French patent on July 14, 1914; and for a United States patent on March 12, 1915. The German and French applications were filed before the World War began. The United States application bore Serial No. 13,944. The French patent No. 478,107 was granted prior to February 28, 1916. September 9, 1917, United States application No. 13,944 for the "new substance" became abandoned. October 6, 1917, the Trading with the Enemy Act was passed (40 Stat. 411). August 2, 1918, an application Serial No. 248,015 was filed in the Patent Office by a New York lawyer named Brown in Herz' name but without Herz' signature or Herz' oath as required by law. March 22, 1919, this application by Brown was seized by the Alien Property Custodian and within a month was assigned to the plaintiff. March 3, 1921, the Nolan Act (35 U.S.C.A. §§ 80–87) went into effect. July 2, 1921, the Alien Property Custodian's power to seize ended. August 21, 1922, Herz filed an application in the United States Patent Office which resulted in the two patents and a divisional application No. 192,780 now demanded by plaintiff. In January and July, 1923, plaintiff requested Herz to execute the papers suggested by the Patent Office to complete the Brown application, and Herz declined so to do. May 21, 1924, Herz filed in the Patent Office certified copies of the German applications. In November and December, 1925, Herz assigned his new applications to defendant. July 26, 1927, Herz patent, No. 1,637,023, claimed by plaintiff, was granted to defendant. January 15, 1929, Herz patent, No. 1,699,432, also claimed by plaintiff, was granted to defendant.

The crux of the case is what, if anything, was seized by the Alien Property Custodian on March 22, 1919 (aside from the two "vat dye" patents No. 1,243,170 and No. 1,243,171 now expired).

There was no property or property right, represented by application Serial No. 248,015 filed by Brown, hereinafter referred to as the Brown application, for the Alien Property Custodian to seize. This appears from the record.

The French application for patent on the "new substance" was filed July 14, 1914. August 2, 1918, four years later, the Brown application was filed in this country. April 10, 1919, nearly five years after the French application was filed, the Alien Property Custodian seized the Brown application. Obviously the application for the French patent was filed more than twelve months prior to the filing of the Brown application in this country. The Brown application therefore is absolutely barred by the statutes of the United States which provide: "No person otherwise entitled thereto shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid by reason of its having been first patented or caused to be patented by the inventor or his legal representatives or assigns in a foreign country, unless the application for said foreign patent was filed more than twelve months, in cases within the provisions of section 31 of this title, and four months in cases of designs, prior to the filing of the application in this country, in which case no patent shall be granted in this country." U.S.Rev.St. § 4887, as amended (35 U.S.C.A. § 32).

Moreover, the "new substance" had been patented and fully described in a printed publication in this country more than two years before the date of the actual filing of the application in this country. The Herz French patent describing the "new substance" had issued prior to February 28, 1916. A printed copy of this French patent was in the United States Patent Office on February 28, 1916, more than two years before the date of the actual filing of the Brown application in this country which was on August 2, 1918. The statutes of the United States provide: "But no patent shall be granted on an application for patent for an invention * * * which had been patented or described in a printed publication in this or any foreign country more than two years before the date of the actual filing of the application in this country, or which had

been in public use or on sale in this country for more than two years prior to such filing." U.S.Rev.St. § 4887, as amended (35 U.S.C.A. § 32).

■ Herz neither signed nor verified the Brown application. Brown's oath and his signing of the application in the name of Herz did not satisfy the statutory requirements. The statutes of the United States require that an application for a patent shall be signed and verified by the inventor: "Before any inventor or discoverer shall receive a patent for his invention or discovery he shall make application therefor, in writing, to the Commissioner of Patents, and shall file in the Patent Office a written description of the same, and of the manner and process of making, constructing, compounding, and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound, and use the same; and in case of a machine, he shall explain the principle thereof, and the best mode in which he has contemplated applying that principle, so as to distinguish it from other inventions; and he shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery. The specification and claim shall be signed by the inventor." U. S.Rev.St. § 4888 (35 U.S.C.A. § 33). The Brown application was filed without the authority of Herz. The only power of attorney given to Brown by Herz was to file the original application Serial No. 13,944, which became abandoned on September 9, 1917. Therefore the application by Brown was a nullity in law.

■ Brown attempted to couple up his application filed August 2, 1918, with the original Herz application Serial No. 13,-944 which became abandoned September 9, 1917. In order to be a division of the original patent, it must have been filed while the Herz abandoned application was still a good application. September 6, 1918, the Patent Office said: "Formal papers signed by the applicant are required. The applicant's case, Serial No. 13,944 was abandoned when this case was filed and consequently this case is not a division thereof as there is no continuity." There must be continuity of claiming in the Patent Office. The Brown application was an attempt to obtain a patent barred by the statutes, not merely because of the charac-

ter of the application, but because there was no property in the invention in this country.

■ Thus it appears the regular statutes of the United States bar the Brown application. Likewise the wartime statutes are of no avail. October 6, 1917, Trading with the Enemy Act was passed. This act provides: "An enemy, or ally of enemy, may file and prosecute in the United States an application for letters patent, or for registration of trade-mark, print, label, or copyright, and may pay any fees therefor in accordance with and as required by the provisions of existing law and fees for attorneys or agents for filing and prosecuting such applications. Any such enemy, or ally of enemy, who is unable during the war, or within six months thereafter, on account of conditions arising out of war, to file any such application, or to pay any official fee, or to take any action required by law within the period prescribed by law, may be granted an extension of nine months beyond the expiration of said period, provided the nation of which the said applicant is a citizen, subject, or corporation shall extend substantially similar privileges to citizens and corporations of the United States." 40 Stat. 411, 420, § 10 (50 U.S.C.A. Appendix § 10). At the time of the Brown application the "extension of nine months" had already expired. The Herz original application Serial No. 13,944 had become abandoned on September 9, 1917. August 2, 1918, when the Brown application was filed, was more than nine months after that abandonment and the War statute is of no help.

■ The Nolan Act went into effect March 3, 1921. Both plaintiff and defendant invoke the act to sustain their respective sides. The plaintiff to show that Herz had a right when the Alien Property Custodian seized the Brown application. Defendant invokes the act in order to establish that Herz was entitled to file the application resulting in the two patents sought by plaintiff.

There is no contention that anyone practiced the "new substance" invention before 1921. It was to save such persons that the Nolan Act provided: "The rights of priority provided by section 32 of this title, for the filing of applications for patent for inventions and designs, which rights had not expired on the 1st day of August, 1914, or which rights have arisen since the 1st day of August, 1914, are extended until the expiration of a period of

six months from March 3, 1921, in favor of the citizens of the United States or citizens or subjects of all countries which have extended, or which now extend, or which within said period of six months shall extend substantially reciprocal privileges to citizens of the United States, and such extension shall apply to applications upon which patents have been granted, as well as to applications now pending or filed within the period herein. Such extension shall in no way furnish a basis of claim against the Government of the United States, and shall in no way affect the right of any citizen of the United States, who, prior to March 3, 1921, was bona fide in possession of any rights in patents or applications for patent conflicting with rights in patents granted or validated by reason of such extension, to exercise such rights by itself or himself personally, or by such agents, or licensees, as derived their rights from it, or him, before March 3, 1921, and such persons shall not be amenable to any action for infringement of any patent granted or validated by reason of such extension." 41 Stat. 1313, § 1 (35 U.S.C.A. § 80). During the period from February 28, 1916 (when the French patent was granted), to March 3, 1921 (when the Nolan Act was passed), neither Herz nor anyone else had any existing right to a patent on the "new substance" invention and, therefore, there was no property in Herz or in anyone else for the Alien Property Custodian to seize on March 22, 1919, when he seized the Brown application. March 3, 1921, when the Nolan Act became effective, Herz, and Herz only, was given the right to file an application for a patent on the "new substance" invention. The act created a new property right in Herz which arose on March 3, 1921. This property right was never seized by the Alien Property Custodian.

The Nolan Act went into effect March 3, 1921. August 31, 1921, Herz asserted a right created by the Nolan Act and filed his application in the Patent Office resulting in patents No. 1,637,023 and No. 1,699,-432, sought by plaintiff. Herz filed his German applications in April and July, 1914, and they had not expired August 1,

1914. The Nolan Act covered this situation and gave Herz the right to file an application for a United States patent for the "new substance" in the Patent Office based on the German applications. Herz exercised his right by filing an application for patent on August 31, 1921. The Nolan Act provides: "The time fixed by law on March 3, 1921, for the payment of any fee or for the taking of any action with respect to an application for patent, which time had not expired on August 1, 1914, or which commenced after August 1, 1914, is extended until the expiration of one year from March 3, 1921, without the payment of extension fees or other penalty in favor of the citizens or subjects of countries which have extended, now extend, or shall extend during a period of one year from March 3, 1921, substantially reciprocal privileges to citizens of the United States, provided that no extension herein shall confer such privileges on the citizens or subjects of a foreign country for a longer term than the term during which such privileges are conferred by such foreign country on the citizens of the United States, but nothing in this section, or sections 80 and 82 to 87 of this title, shall give any right to reopen interference proceedings where final hearing before the examiner of interferences has taken place." 41 Stat. 1314, § 2 (35 U.S.C.A. § 81). Herz obtained his patents solely because of his original German applications filed April–July, 1914.

In re Jollenbeck, 56 App.D.C. 175, 11 F. (2d) 561, has no application here. In that case Jollenbeck had cured the defect in the papers as originally filed and had thereby changed a mere piece of paper into a valid application. The Jollenbeck decision merely held that defects in the original papers were curable at a later date.

Plaintiff, as the assignee of the Alien Property Custodian, has no title to defendant's patents No. 1,637,023 and No. 1,679,-432 for the "new substance" invention.

This opinion contains a statement of the essential facts and the law applicable thereto in conformity with Equity Rule 70½ (28 U.S.C.A. following section 723).

The bill of complaint must be dismissed.