## CHEMICAL FOUNDATION, Inc., v. GENERAL ANILINE WORKS, Inc.*

### No. 6600.

Circuit Court of Appeals, Third Circuit.

Sept. 23, 1938.

William G. Mahaffy, of Wilmington, Del. (Drury W. Cooper, Paul Kolisch, and

*Writ of certiorari denied 59 S.Ct. 249, 83 L.Ed. ——.

Seward Davis, all of New York City, of counsel), for appellant.

Thomas G. Haight, of Jersey City, N. J., and George F. Scull, of New York City, for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BUFFINGTON, Circuit Judge.

In the court below The Chemical Foundation, Incorporated, filed a bill against General Aniline Works, Inc., to compel it to assign to the plaintiff patents Nos. 1,637,-023, No. 1,699,432, and a divisional application No. 192,780. The patents were granted to Herz and by him assigned to the defendant.

The exhaustive opinion of the trial Judge, reported in D.C., 20 F.Supp. 509, states in detail all the facts, statutes and contentions made and by reference thereto we avoid needless repetition. After careful consideration, we find ourselves in full accord with the decree of the court dismissing the bill and as a further opinion by this court would be but an effort to clothe in different language what has been stated by the trial Judge, we refrain from needless repetition and affirm the court's decree and limit ourselves to a brief statement of the reasons constraining us to do so.

As stated by the Judge, "the crux of the case is what, if anything, was seized by the Alien Property Custodian on March 22, 1919". As we view it, it is the grant of a patent for an invention that creates property and unless some trust or contract relation exists, the conception of an invention, so long as it is not patented is not property which can be levied on or seized and taken in execution. It follows, therefore, that so long as the inventor himself, or by his constituted agent, does not seek a patent and so long as he is under no trust or contract obligation, the mere conception of an invention cannot be seized and sold, and this because as stated in 48 Corpus Juris 15, "an inventor has a natural right separate from, and independent of, any patent grant to make, use, and vend his invention, and to deprive the public of the benefits of his invention by keeping it a secret."

Now that was the situation here. An attempt was made by one Brown to take out a patent in the name of Herz, but as he had no authorization from Herz, such attempt was futile. The Brown application was not

only unauthorized by Herz, but it did not comply with the statutory requirement of his signature. In the former regard the court said: "The Brown application was filed without the authority of Herz. The only power of attorney given to Brown by Herz was to file the original application Serial No. 13,944, which became abandoned on September 9, 1917. Therefore the application by Brown was a nullity in law."

It follows, therefore, that so far as the Brown application is concerned no property in Herz's invention was acquired by the Chemical Foundation or its assignor, the Alien Property Custodian. In that regard the defendant-appellee contends—and rightly so—that: "Herz has never been under any duty, either to the Government or to appellant, to do any act which would make good appellant's claimed title. He does not occupy the position of an assignor nor of a trustee for the benefit of appellant. So much of his property as was taken, was taken by forcible seizure. As to that, he was helpless. But such seizure put him under *no obligation to give the Government something which it had not taken.*" (Italics ours.)

So holding, and without discussing the further defences set up by the defendant-appellee, we now affirm the decree dismissing the bill.

BIGGS, Circuit Judge (concurring).

The first application, No. 13,944, disclosing the invention at issue was filed by Edmond Congar Brown under a power of attorney from the inventor, Herz, in the United States Patent Office upon March 12, 1915. This application became abandoned on September 9, 1917. A French patent, No. 478,107, disclosing the invention was issued to Herz upon an application filed upon July 14, 1914. The French patent was published upon November 24, 1915, and was in the library of the United States Patent Office upon February 28, 1916.

Edmond Congar Brown filed a second application on behalf of Herz and purportedly acting under his authority in the United States Patent Office upon August 2, 1918. This application was numbered 248,015 and disclosed the same invention as application No. 13,944. Brown filed application No. 248,015 purportedly as a divisional application of No. 13,944. I presume he did this for two reasons: First, if the second application was a divisional application of the first he preserved the original filing date, viz., March 12, 1915. Second, the original power of attorney filed with No. 13,944 authorized him to file a divisional application under that parent application, and if application No. 248,015 was not a divisional application Brown was unauthorized by the power of attorney to file it. Application No. 248,015 was clearly not a divisional application since its purported parent, application No. 13,944, was abandoned before it was filed and Brown therefore was without authority under his power of attorney to file it.

The only circumstance which served to keep the invention disclosed by the French patent out of the public domain in the United States was the corresponding application, No. 13,944, filed by Herz' agent in the United States Patent Office, pursuant to the provisions of R.S. § 4887, 35 U.S.C.A. § 32, which prescribes the period of a year in which such corresponding application must be filed in the United States Patent Office if the property right in the invention in the United States is to be preserved. When application No. 13,944 became abandoned, the invention disclosed by the French patent passed into the public domain. Had Edmond Congar Brown been able to preserve application No. 248,015 as a divisional application to No. 13,944 he would have been able to preserve Herz' original filing date, viz., March 12, 1915, and the invention disclosed by the French patent would not have passed into the public domain.

Since the invention was in the public domain it was not subject to seizure by the United States through its Alien Property Custodian pursuant to the Trading with the Enemy Act, c. 106, 40 Stat. 411, as amended, 50 U.S.C.A. appendix. It follows therefore when the Alien Property Custodian seized application No. 248,015, he in fact seized nothing more than a piece of paper, the property right to the invention being in the public domain.

Actually Herz' right to the patents here in suit, viz., United States Patents Nos. 1,637,023 and 1,699,432, are derived from an entirely different source from any yet referred to in this opinion. The Nolan Act, c. 126, Sec. 2, 41 Stat. 1314, 35 U.S.C.A. § 81, operated retroactively to create in Herz the property right to his invention in the United States based upon his German application of April and July, 1914. The Nolan Act operated to take the property right in the invention out of the public

domain and put it back into Herz. Actually the property right in the invention disclosed by the two United States patents just referred to and in applications Nos. 13,944 and 248,015 were in the public domain from the time application No. 13,944 became abandoned until the approval of the Nolan Act upon March 3, 1921, 35 U.S.C.A. §§ 80–87.

The appellant contends in effect that a property right to the invention in the United States existed in Herz at the time of the seizure of application No. 248,015 by the Alien Property Custodian upon March 22, 1919, a right then inchoate which was made choate and indefeasible by the provisions of the Nolan Act when it was passed. This contention is erroneous. The Nolan Act created a right in Herz in 1921; a right which was non-existent in 1919, and which therefore was incapable of being seized by the Alien Property Custodian. The case of Scalione v. Bosch, 56 App.D.C. 230, 12 F. 2d 171, and the three other cases of similar purport[1] cited by the appellant do not hold otherwise. An examination of the file wrapper, however, shows that the Patent Office examined application No. 248,015 on the merits due to its belief that legislation would be passed authorizing such examination under war conditions, but the file wrapper also shows that no rules were in effect at the time of the examination to preserve the application. The Patent Office reiterated its demand for substitute papers which would have comprised a duplicate application properly executed and sworn to by Herz. This demand was adhered to. It follows therefore that application No. 248,015, filed by Brown was absolutely invalid, and not filed in accordance with law. The contention of the appellant that the application was voidable, capable of being cured by the provisions of the Nolan Act, and therefore not void, must fall. Moreover, granting the theory of the appellant that application No. 248,015 was a voidable application and therefore curable by the Nolan Act, such a principle could not apply under the circumstances of the case at bar where application No. 248,015 was filed without authority.

The appellant refers to Section 4 of the Nolan Act, 35 U.S.C.A. § 83, which provides that "All applications for patent * * * which were executed by an agent of the applicant * * *" come within the provisions of the Nolan Act, and attempts to distinguish between ordinary agency and agency conferred by a power of attorney. There is a distinction of course, but it is not pertinent under the circumstances of the case at bar because there is no showing that Brown was the authorized agent of Herz to file application No. 248,015.

Patents Nos. 1,243,170 and 1,243,171 and divisional application No. 192,780, seized by the Alien Property Custodian, add nothing to the strength of the appellant's position. An examination of these patents and that application show that they disclose but do not claim the invention disclosed by Herz' application No. 13,944, the Brown application No. 248,015, and disclosed and claimed by United States Patents Nos. 1,637,023 and 1,699,432, the subject of the suit at bar. Patents Nos. 1,243,170 and 1,243,171, since they disclose the invention which is the subject of this litigation but do not claim it, have the effect of placing that invention in the public domain. McClain v. Ortmayer, 141 U.S. 419, 423, 12 S.Ct. 76, 35 L.Ed. 800.

In re Jollenbeck, 56 App.D.C. 175, 11 F. 2d 561, is clearly distinguishable upon its facts from the case at bar. In that case an application was filed upon June 26, 1920 by Jollenbeck, a German citizen, in the United States Patent Office, he or his assignees having theretofore filed corresponding applications in Germany, in Great Britain and in France. Jollenbeck's application in the United States Patent Office was defective in that it had been filed with an oath signed but not sworn to by the applicant, as required by law. The application was treated as abandoned by the Patent Office, the papers being sent to the abandoned files. On February 3, 1922, Jollenbeck filed with the Patent Office a duly authenticated oath, together with a verbatim copy of the papers filed by him on June 26, 1920. The Court of Appeals of the District of Columbia held that the informality of lack of oath upon Jollenbeck's earlier application was cured by the subsequent filing of the verbatim copy, duly executed, so that the applicant was entitled to the earlier filing date.

It will be observed immediately that in the case at bar the defects of application No. 248,015 were never corrected by Herz and that he refused to do so. It cannot be

---

[1] Owen v. Heimann, 56 App.D.C. 232, 12 F.2d 173; Lamb v. Guillemard; 56 App.D.C. 234, 12 F.2d 175; Giesler v. Moulet, 56 App.D.C. 196, 11 F.2d 911.

said that Herz cured the defects of application No. 248,015 by filing, duly executed, either the parent application or the divisional applications upon which the patents in suit were issued.

In conclusion it is apparent that though we grant every assumption of the appellant's case, including the contention of valid seizure by the Alien Property Custodian of the property interest in the invention disclosed by application No. 248,015, none the less the appellant must fail in its attempt to compel the transfer to it of the patents in suit. This is so because if the property in the invention was seized by the Alien Property Custodian, as the appellant assumes, the patents in suit were not validly issued because they purport to confer exclusive property in an invention actually owned by the appellant. It follows that the applications by Herz upon which the patents in suit were issued would be invalid and the patents themselves invalid likewise. To compel the transfer of these patents to the appellant would be vain and useless, since such transfer could convey no property right to the appellant. Equity will not compel the performance of a useless act. Kennedy v. Hazelton, 128 U.S. 667, 9 S.Ct. 202, 32 L.Ed. 576; Cattell v. Jefferson, 60 App.D.C. 261, 51 F.2d 317; Hildreth v. Thibodeau, C.C., 117 F. 146.

For these reasons the decree of the court below dismissing the bill of complaint should be affirmed.